# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-cv-61055-Bloom-Valle

JAMES W SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

    Defendant                    /

FILED BY ___ D.C.

MAY 26 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COMPLAINT

Plaintiff, James W Scott sues Defendant, 360 Mortgage Group, LLC and for his Complaint alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq,; for damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641 et seq,; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq,; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) §559.72(9) et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C §1331.

3. Under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form



part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1441(a) because the Plaintiff resides here and the Defendant conducts business in this District.

## PARTIES

5. At all times material hereto, Plaintiff, **JAMES W SCOTT** (Mr. Scott) is *suri juris,* and a resident of Broward County, Florida and owns a home which is Plaintiff's primary residence in Broward County.

6. At all times relevant to this Complaint, Mr. Scott is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and Florida Statutes §559.55(2), and/or persons with standing to bring a claim by virtue of being directly affected by violations of the Acts.

7. At all times material hereto, Defendant, **360 MORTGAGE GROUP, LLC** (360 Mortgage) is a servicer and transacts business in the State of Florida.

8. At all times relevant to this Complaint, 360 Mortgage was and is a "person" as said term is defined in 12 USCA §2605(i)(2), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and primary dwelling located at: 3457 Deercreek Palladian Circle Deerfield Beach, Florida 33442.

9. The Promissory note signed by Plaintiff in connection with the mortgage serviced by 360 Mortgage is a consumer credit transaction within the meaning of, and subject to TILA.

10. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

11. The mortgage loan in question is a "federally related mortgage loan" as defined in

Sections 3 and 8 of 12 U.S.C. §2602(1) & 2607, RESPA.

12. The mortgage loan in question falls under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.51(1).

13. At all times relevant to this Complaint, 360 Mortgage, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Fla. Stat. §559.55(6).

14. At all times relevant to this Complaint, 360 Mortgage, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

15. At all times relevant to this Complaint, 360 Mortgage, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

16. On or about June 20, 2016, Plaintiff, Mr. Scott, had completed a refinance with Sovereign Lending Group (Original Lender) and was confronted by a neighbor who gave Mr. Scott a verbal threat of a lawsuit.

17. This lawsuit was in regards to a mistake made by First American Title Company who was Sovereign Lending Group's title company.

18. The title company had placed Mr Scott's name on the neighbor's title and the neighbor's name on Mr. Scott's title.

19. The matter was resolved by the title company. Mr. Scott realized he was an Unsophisticated Consumer and began questioning the original lender and title company for answers to make sure his title was not clouded.

20. No answers were given and on or about August of 2016, 360 Mortgage sent Mr. Scott

a letter stating that they were the new servicer of the loan.

21. Upon receiving the letter from 360 Mortgage, Mr. Scott checked the public records for an assignment from Sovereign Lending Group to 360 Mortgage.

22. No assignments were found that indicated 360 Mortgage was assigned the mortgage.

23. The letter that 360 mortgage sent Mr. Scott also did not indicate where the assignment was recorded. (Exhibit A)

24. On April 7, 2017, Mr. Scott sent 360 Mortgage a **"qualified written request"** to check on the validity of the loan. 360 Mortgage never responded to the request. (Exhibit B)

25. On April 29, 2017, Mr. Scott sent 360 Mortgage a second "qualified written request". (Exhibit C)

26. On April 29, 2017, Mr. Scott sent a request for the "milestones" on this mortgage to "MERS" (Mortgage Electronic Registration) because Mr. Scott discovered after reviewing the mortgage that "MERS" was acting solely as nominee for Lender.

27. Mr. Scott found on the "MERS" website that 360 Mortgage is listed as the current active servicer. No assignment was found in public records to indicate that 360 Mortgage was assigned the mortgage. (Exhibit D & E)

28. On or around May 10, 2017, Mr. Scott received an answer to the second "qualified written request". The information contained information that Mr. Scott already had from public records, such as: A copy of mortgage and note from Sovereign Lending (Original Lender), along with billing statements and a dunning letter.

29. 360 Mortgage stated in the reply that they were the "Holder" of the note and the "Owner" of the loan. No assignments were found in public records that indicated 360 Mortgage was assigned the mortgage.

30. On May 15, 2017, Mr. Scott received a reply from 360 Mortgage in regards to "MERS" who forwarded the letter to 360 Mortgage to answer on behalf of them.

31. This letter stated, among other things, that "MERS" is the **recorded lienholder** of said property on behalf of 360 Mortgage. No assignments were found in public records that indicated this. (Exhibit F)

32. The letter went on to say that Mr. Scott's county would reflect "MERS" as the lienholder on behalf of 360 Mortgage. No assignments were found in public records that indicated this.

33. It also stated that "No assignment is required to be recorded with your county as long as long as MERS is the recorded lienholder. An assignment, which would be from MERS to 360 Mortgage, would only be recorded in the event legal proceedings are ever required".

34. Defendant continues to collect and threatens to foreclose on Mr. Scott's property without a valid recorded assignment in public records.

35. All conditions precedent to the bringing of this action have been performed, waived or excused.

### COUNT I
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY 360 MORTGAGE

36. Paragraphs 1 through 35 are re-alleged as though fully set forth herein.

37. 360 Mortgage is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2605.

38. Plaintiff's written requests for information about his account and correction of Defendant's errors were "qualified written requests" within the meaning of RESPA.

39. 360 Mortgage deliberately failed to respond in a proper and timely way to Mr. Scott's "qualified written requests" for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

**WHEREFORE**, Plaintiff demands judgment against 360 Mortgage for a proper accounting and application of his mortgage payments and for actual, statutory, treble and/ or punitive damages and fees and costs, along with any other and further relief as the Court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641
## BY 360 MORTGAGE

40. Paragraphs 1 through 35 are re-alleged as though fully set forth herein.

41. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

> (1) In general
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-----
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.

42. At all times material hereto, 360 Mortgage has represented to Mr. Scott to be a "creditor" as the term is defined in 15 U.S.C. §1602(g).

43. At all times material hereto, 360 Mortgage is and was a loan servicer as the term is Defined in 12 U.S.C.A. §2605(i)(2), that services the loan obligation, secured by a mortgage upon Mr. Scott's primary residence and principal dwelling.

44. 360 Mortgage failed to comply with 15 U.S.C. §1641(g) by not indicating the location of the place where transfer of ownership of the debt is recorded.

**WHEREFORE**, Plaintiff demands judgment for damages against 360 Mortgage for actual or statutory damages in the amount of twice the finance charge (of up to $4,000.00) pursuant to 15 U.S.C. §1640(a)(2) )(A)(iv); and, reasonable costs and fees in accordance with 15 U.S.C. §1640; and the unknown holder in due course for actual or statutory damages and punitive damages, including those for mental anguish, in an amount to be determined at trial pursuant to 15 U.S.C. §1640(a)(3).

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) BY 360 MORTGAGE

45. Paragraphs 1 through 35 are re-alleged as though fully set forth herein.

46. Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. §1692a(3).

47. 360 Mortgage is a debt collector within the meaning of FDCPA 15 U.S.C. §1692a(6).

48. 360 Mortgage violated 15 U.S.C. §1692e(2) by misleading representation of the Character, amount, or legal status of the alleged debt.

49. 360 Mortgage violated 15 U.S.C. §1692e(5) by Threating to take any action that cannot be legally taken or that is not intended to be taken.

50. 360 Mortgage violated 15 U.S.C. §1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

**WHEREFORE**, Plaintiff demands judgment for damages against 360 Mortgage actual or statutory damages and punitive damages, fees and costs up to $1,000.00 pursuant to 15 U.S.C. §1692k.

## COUNT IV
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. §559(PART VI) BY 360 MORTGAGE

51. Paragraphs 1 through 35 are re-alleged as though fully set herein.

52. Plaintiff is a consumer within the meaning of §559.55(2).

53. 360 Mortgage is a debt collector within the meaning of §559.55(6).

54. 360 Mortgage violated §559.72(9) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands statutory damages of $1,000.00, payable by Defendant, pursuant to Fla. Stat. §559.77(2); and fees and costs pursuant to Fla. Stat. §559.77(2) and other relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff, James W Scott, hereby demands a trial by jury of all issues so triable.

 Respectfully Submitted By,
James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Fl 33442
954-540-0408 / Cell
Jwsscott777@gmail.com



Exhibit A

11305 Four Points Drive  Building 1  Suite 200  Austin, TX 78726  866-360-4636  Fax 866-384-3530

August 26, 2016

James W Scott
3457 Deer Creek Palladian Cir
Deerfield Beach, FL 33442

We have enclosed 4 documents to assist you with our servicing of your Loan.

1. Third Party Authorization Form (at the bottom of this letter)
2. Frequently Asked Questions/Reference Guide with Phone/Fax numbers and Mailing Addresses.
3. ACH Terms of Service/Automatic Draft Authorization form
4. Privacy Notice

Please mail any requests for information or concerns you have with our servicing of your loan to our Customer Care Mailing Address:

360 Mortgage Group, LLC
P.O. Box 10869
Austin, TX 78766-1869

**TRANSFER OF SERVICING**
Under Federal Law, during the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer on or before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

**NOTIFICATION OF ASSIGNMENT, SALE OR TRANSFER OF YOUR MORTGAGE LOAN**
The ownership of your mortgage loan on: 08-26-16
**3457 Deer Creek Pall,Deerfield Beach FL 33442**
with an original principal balance of $ 290865 has been transferred by **SOVEREIGN LENDING GROUP, INC** to **360 Mortgage Group, LLC**.
was effective as of **07-11-16**.

You may contact 360 Mortgage Group, LLC by mail at
P.O. Box 10869, Austin, TX 78766-1869 or by telephone at (866)360-4636,
M-F 8:00am CT to 7:00pm CT.

The transfer of ownership of your mortgage Loan has not been publicly recorded but may later be recorded in the office of the public land records or the recorder of deeds office for the county or local jurisdiction where the property is located.

360 Mortgage Group, LLC is the new servicer of your loan.  Please note that the change in ownership does not affect the servicing of your loan.

www.360Mtg.CustomerCareNet.com

James W Scott  **EXHIBIT B**
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442

April 7, 2017

VIA Certified Mail# 7012 0470 0000 8885 0831
360 Mortgage Group, LLC
P.O. Box 10869
Austin, TX 78766-1869

Attn: Mortgage loan accounting department

RE Loan# 0010088737

Dear Sir or Madam,

 360 Mortgage Group, LLC is the servicer of our mortgage loan at the above address. Based upon title problems with the lender, I need to conduct a complete exam, review and accounting of this mortgage account from its inception through the present date. This is a Qualified Written Request, pursuant to Real Estate Settlement and Procedures Act section (2605(e)) as well as a request under the Truth In Lending Act 15 U.S.C. section 1601.

In order to conduct this examination and audit, I need to have full and immediate disclosure including copies of all pertinent information regarding my loan. A complete closing package with any and all records in regards to this loan, including original promissory note and mortgage deed.
The documents requested and answers to questions are needed to ensure the following:

- That each servicer and sub-servicer of my mortgage has serviced my mortgage in accordance with the terms of my mortgage, promissory note and/ or deed of trust;
- That each servicer and sub-servicer of my mortgage has serviced my mortgage in compliance with local, state and federal statutes, laws and regulations;
- That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided above. RESPA requires you to acknowledge this request within 20 business days. As such, I anticipate and appreciate your timely response.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.**

Thank you for taking to acknowledge and answer the request s required by Real Estate Settlement and Procedures Act section (2605(e)).

Very truly yours,

James Scott

April 29, 2017

James W Scott

3457 Deercreek Palladian Circle
Deerfield Beach, Fl 33442

VIA Certified Mail # 7011 1570 0003 3384 8610

**360 Mortgage Group, LLC**
**P.O. Box 10869**
**Austin, TX 78766-1869**

**Attn: Mortgage Loan Accounting Dept**

**RE Loan: 0010088737**

## *QUALIFIED WRITTEN REQUEST*

This is to notify you hereby put on NOTICE under the authority of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e), Regulation X at 24 C.F.R. § 3500, the Truth-In-Lending-Act (TILA) § 1604(e), 15 U.S.C. §§ 1601 et seq. (1968) and 1692 et seq., and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c to Cease and Desist collection/foreclosure actions and validate the alleged mortgage debt.

Dear Sir or Madam,

360 Mortgage Group, LLC is the servicer of my mortgage loan at the above address. Based upon title problems with the lender, I need to conduct a complete exam, review and accounting of this mortgage account from its inception through the present date. I dispute the amount that is owed according to the Monthly Billing Statement and request that you send me information about the fees, costs, and escrow accounting on my loan.

Specifically, I am requesting the itemization of the following:

1. A complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments made on the loan to date;

2. A breakdown of the amount of claimed arrears of delinquencies;

3. An explanation of what you mean by assignment, sale, or transfer. Which one is it? Please include a copy of any all assignments, proof of sale, proof of transfer and to whom.

4. The payment dates, purpose of payment and recipient of all escrow items charged to my account since the loans inception.

5. A copy of any annual escrow statements and notices of shortage, deficiency or surplus, sent to me within the life of the current loan.

I am requesting copies of all Documents since consummation of the loan to further insure a Validation of Debt, and a Request for accounting. In order to conduct this examination and audit, I need to have full and immediate disclosure including copies of all pertinent information regarding my loan. A complete closing package with any and all records in regards to this loan, including original promissory note and mortgage deed. The information and documents I also request is:

- That each servicer and sub-servicer of my mortgage has serviced my mortgage in accordance with the terms of my mortgage, promissory note and/ or deed of trust;
- That each servicer and sub-servicer of my mortgage has serviced my mortgage in compliance with local, state and federal statutes, laws and regulations;

That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments.

I hope you understand that I am not refusing to pay any obligations I might have with the Note owner, but with all of the mortgage and foreclosure fraud lately I need validation that the contractual obligations were met by both sides.

With the receipt of this notice and demand, I am asking that you execute and deliver a retraction of any Notice of Default, and that you freeze any foreclosure or any credit reported to corresponding credit agencies until this matter is resolved. Respa requires you to acknowledge this request within 5 days in writing and 30 days to provide a substantive response.

<u>Please do not contact me by telephone</u>. In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided below.

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442

Thanks in advance for your prompt collaboration.

Sincerely,

_____
James W Scott

Exhibit D

RECEIVED
MAY - 4 2017
MERS

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442

April 28, 2017

VIA Certified Mail# 7012 0470 0000 8885 0862

360 Mortgage Group, LLC
P.O. Box 10869
Austin, TX 78766-1869

MERS
1818 Library Street, Suite 300
Reston, VA 20190

To whom it may concern,

I am doing some investigation on my loan with 360 Mortgage, LLC. I went to your site and typed my MIN number in and 360 Mortgage, LLC is listed as Active with a note date of 07/11/2016. I see no evidence in my county records that reflects this. My original lender: Sovereign Lending Group Inc released my mortgage on 08/19/2016 and it is reflected in the county records. I am confused.

I am requesting the following information to bring clarity to the situation and further my understanding of the situation;

The milestones for MIN 1009135-0000013054-5

Copy of any and all assignments from inception of the loan until now and where they are recorded.

Your full cooperation is expected in this matter and I will be expecting MERS to handle this request within 30 days of receiving this request.

Very truly yours,

James Scott

*[signature]*

Exhibit E



# The Mortgage Industry's Utility

www.mers-servicerid.org

**1 record matched your search:**

MIN: 1009135-0000013054-5    Note Date: 07/11/2016            MIN Status: Active

Servicer:  360 Mortgage Group, LLC                            Phone: (512) 418-6000
           Austin, TX

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org

Copyright© 2016 by MERSCORP Holdings, Inc.

**360 MORTGAGE GROUP**

11305 Four Points Drive   Building I   Suite 200   Austin, TX 78726   866-360-4636   Fax 866-384-3530

May 10, 2017

Mr. James W. Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442

Dear Mr. Scott,

MERS forwarded your letter dated April 28, 2017, which they received May 4, 2017, to 360 Mortgage Group, LLC ("360 Mortgage") for handling. We received your forwarded letter today, May 10, 2017.

As you can see from the attached, MERS forwarded your letter to 360 Mortgage as the registered servicer of your loan. MERS is the recorded lienholder on your property on behalf of 360 Mortgage (MERS Identification Number (MIN) 100913500000130545. You will see this MIN number on the 2nd page.

To clarify:
- Your loan, #10088737, was originated by Sovereign Lending Group, Inc. ("Sovereign")
- Your VA ARM loan has a Note Date of 7/11/2016.
- Your VA ARM loan paid off Pacific Union Financial ("Pacific"). Pacific would have released their lien on your property, which probably also reflected MERS as the recorded lienholder. We anticipate that this is the release dated 8/19/2016 filed with Broward County that you referred to you in your letter. If not, please submit documentation so that we can further investigate this matter. Enclosed is a copy of your Final Closing Disclosure, which shows on Page 3 the payoff of Pacific. Sovereign sold your loan to 360 Mortgage on 8/23/2016. Enclosed is a copy of the Allonge to the Note. Please note that the Allonge references "Pay to the Order of 360 Mortgage Group, LLC", signed by a representative of Sovereign.
- The MERS registration of the lien on your property transferred from Sovereign to 360 Mortgage. As you confirmed, MERS shows 360 Mortgage as the Active servicer of your loan. Your county would reflect MERS as the lienholder on behalf of 360 Mortgage.
- No assignment is required to be recorded with your county as long as MERS is the recorded lienholder. An assignment, which would be from MERS to 360 Mortgage, would only be recorded in the event legal proceedings are ever required. Legal proceedings, for example, include foreclosure. In this event, 360 Mortgage would become the lienholder by virtue of the recording of an Assignment.
- 360 Mortgage is the Note Holder of your loan, by virtue of its purchase of your loan from Sovereign, including endorsements, and holding the original Note.

Regards,
Norton Wells
VP – Servicing

Enclosures:
1. MERS forwarded letter from Mr. Scott
2. Scott Final Closing Disclosure
3. Scott Mortgage reflecting MERS MIN
4. Allonge to Note
5. QWR Response dated 5/9/2017