```
               IN THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                  CIVIL CASE No. 0:17-cv-61055-BB
JAMES W. SCOTT

     Plaintiff,
vs.

360 MORTGAGE GROUP, LLC,

     Defendant.
_____/
```

## MOTION TO DISMISS CASE WITH PREJUDICE BY DEFENDANT 360 MORTGAGE GROUP, LLC

Per L.R. 7.1 and Fed. R. Civ. P. 12, Defendant 360 Mortgage, Group, LLC moves to dismiss the Complaint [D.E. 1] with prejudice.

## STATEMENT OF FACTS

1. Plaintiff alleges being the debtor of a note, secured by a mortgage on his residence. [D.E. 1: Complaint, ¶ 1-6]

2. Plaintiff vaguely alleges Defendant owns and/or holds and/or services the Note and/or Mortgage. [Complaint ¶ 7-15]

3. Plaintiff alleges that he refinanced a prior loan into the current one. [Complaint ¶ 16-19]

4. Plaintiff alleges Defendant services the loan but will not provide a recorded assignment of the Mortgage to itself, which currently appears in the name of MERS. [Complaint ¶ 20-34]

5. Plaintiff seeks 'damages' for Defendant's alleged violation of federal/state law, <u>per its alleged wrongful failure to record an assignment of the Mortgage.</u> [Complaint ¶ 37-54]

1

6. Plaintiff fails to name or allege misconduct by MERS.

7. The case should be dismissed with prejudice.

## MEMORANDUM

Per Fed. R. Evid. 201, the Court is requested to take judicial notice of the documents referenced in the Complaint which can be done without converting this motion to one for summary judgment. **Brooks v. Blue Cross**, 116 F.3d, 1369 (11th Cir. 1997)

### I. Standard for Dismissal.

A complaint may be dismissed if the facts as pled do not state a facially claim for relief. **Sinaltrainal v. Coca-Cola**, 22 Fla. L. Weekly Fed. C 60, p. 13 (11th Cir. 2009) *citing* **Ashcroft v. Iqbal**, 556 U.S. 662 (2009) ["a complaint must state a plausible claim for relief to survive a motion to dismiss"] **Bell v. Twombly**, 550 U.S. 570 (2007) In **Iqbal**, the Court indicated that Fed. R. Civ. P. 8 does not require detailed factual allegations *but requires "more than an unadorned, defendant-unlawfully-harmed-me accusation."* **Sinaltrainal** at 13 citing **Iqbal,** 129 S. Ct. at 1949.

A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id.** Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." **Iqbal**, 129 S. Ct. at 1949. "Where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. A complaint is sufficient only if it gives "fair notice of what the…claim is and the grounds upon which it rests." **Sinaltrainal**, LEXIS 17764 (quoting **Twombly**, at 555).

Plaintiff cannot meet these standards in the Complaint, for which further amendment is futile. **Bryant v. Dupree**, 252 F.3d 1163 (11th Cir. 2001) ["A district court need not, however, allow an amendment... where amendment would be futile"] As shown below, Plaintiff fails to meet any of these standards, requiring the dismissal of this case with prejudice.

II. **The Case Must be Dismissed with Prejudice for Failure to State a Claim for which Further Amendment is Futile.**

A party seeking to invoke a federal court's subject matter jurisdiction must establish standing as follows:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. **Lujan v. Defenders**, 504 U.S. 560-61 (U.S. 1992)

Again, Plaintiff alleges 'damages' <u>based upon the alleged failure of Defendant/MERS to record an assignment of the Mortgage</u> which Defendant is 'threatening to foreclose.' [Complaint ¶ 34] Plaintiff lacks <u>standing</u> to bring such a claim. MERS and recordation of assignments of mortgages in Florida is explained by the Middle District of Florida in a similar case as follows:

> "Historically, and in conjunction with Florida law, those possessing an interest in real property would cause that interest, as reflected in a written document, to be recorded in the official records in the county where the real property was situated. *Id.* at 3. These written documents are generally commercial instruments such as mortgages and assignments of mortgages, and promissory notes. In spite of— or because of—this tradition, the Mortgage Bankers Association ("MBA") along with others "in the mortgage lending industry determined to sidestep and refuse to comply with the recording laws by physically recording interests in real property." *Id.* To that end, the MBA created MERS.
>
> In the mid-1990s, "mortgage servicing companies sought to accumulate and trade ever-growing numbers of mortgage-servicing contracts, while others in the industry began purchasing large numbers of mortgages, packaging them into massive investment pools and selling interests in the pools to investors, a process commonly referred to as mortgage 'securitization.'" *Id.* "In order to aggregate loans into pools and mortgage-servicing rights into large portfolios, promissory notes and mortgages had to be assigned from a multitude of smaller mortgage lenders to large national banks and servicers." *Id.* This assignment of mortgage loans required certain costs, one of which was the payment of recording fees to the Florida Clerks of Circuit Courts who record and maintain the public records. *Id.*
>
> To "streamline" the assignment of residential mortgages and mortgage-servicing rights between lenders, servicers, and securitizers, MBA created MERS. *Id.* at

4

4. MERS allows these entities to avoid the physical recording requirements in the clerk's office while at the same time depriving the Florida Clerks of Circuit Courts "of the recording fees to which they are entitled and the public of its ability to identify the true mortgagee of mortgaged property." *Id.* at 4.

MERS accomplishes these goals by being listed as the "'mortgagee' on millions of loans throughout the nation." *Id.* This is despite the fact that "MERS does not originate any loans, lend any money, or own or hold any promissory notes." *Id.* The Complaint avers that MERS is "a straw man" in the public records which allows the true owner of the loan to remain anonymous. In addition, this designation of MERS in the public record permits the loan to change hands at will without notice to the public, without recording an assignment in the official records, and without paying the recording fees normally associated with an assignment. *Id.* According to Plaintiff, the "] to disconnect the debt (the note) from the collateral (the mortgage) to save on recording costs is at the heart of the unlawful scheme that is MERS." *Id.* at 5. Mortgage lenders, banks, and other financial institutions pay fees to become members of MERS. As MERS members, those institutions can electronically track the "transfers of mortgage and mortgage servicing rights." *Id.* "When a MERS member originated a mortgage loan, the loan is registered with MERS and assigned a Mortgage Identification Number. While the true lender is the obligee on the promissory note, MERS is listed as the 'mortgagee' on the mortgage." *Id.* Through this system, "MERS attempts to separate the promissory note evidencing the debt from the mortgage that is collateral or security for the note. According to MERS, the lender takes possession of and holds the note, which may be subsequently assigned multiple times through multiple note owners," while MERS remains the "mortgagee" on the mortgage recorded in the official records. *Id.* "MERS and its members refer to such loans as 'MERS on Mortgage' or 'MOM' loans." *Id.*

"Absent MERS, an "assignee of a mortgage would record the assignment in the public records (or risk losing its lien priority) each time a mortgage was assigned." *Id.* at 5. However with a MOM loan, it can be "assigned from the originator to another MERS member" without

5

> the necessity to record a change to the public records because "the purported 'mortgagee' has not changed." *Id*. Rather than a change to the public records, "a notation is made somewhere in MERS's private files which purportedly effectuates the transfer of the mortgage from one MERS member to another." *Id*. It is only when a MERS member transfers its "interest to a non-member or when a MERS member wishes to foreclose a mortgage" that an assignment is created and recorded in the court's public records. *Id*.
>
> MERS, according to the Complaint, was created to avoid the need for paying public recording fees and it has worked effectively. "MERS estimates that it saves an average of $30 in assignment costs per loan. MERS also estimates that, assuming each loan on its system has been transferred only once, as of 2009 it 'saved' its members $2.4 billion in recording expenses." *Id*. (emphasis in original). This "savings" MERS boasts of would, in MERS' absence, "have been paid to the public officials responsible for maintaining the public records in each state," including Plaintiff and the other Florida Clerks of Circuit Courts. *Id*.
>
> More than 65 million mortgages have been registered on MERS since 1997. Previously, "a mortgage assignment would be recorded in the Official Records by the clerk of the circuit court having jurisdiction over the encumbered property and could be viewed by the public free of charge," whereas currently "MERS records mortgage assignments in its own private recording system to which only it and its paying members have access." *Id*. at 6. ***Fuller v. MERS***, 888 F. Supp. 2d 1265-67 (M.D. Fla. 2012)

***Fuller*** involved a suit by a state court clerk against MERS, claiming the clerk was somehow damaged by MERS, as the clerk's job of recording real estate documents was allegedly usurped by MERS not recording mortgage assignments. ***Id*** at 1270-71 The case was dismissed as MERS *had no legal obligation to record an assignment of the Mortgage and pay a recording fee*. ***Id*** at 1275.

6

See Fla. Stat. §701.01, which states:

> Any mortgagee *may* assign and transfer any mortgage made to her or him, and the person to whom any mortgage may be assigned or transferred *may* also assign and transfer it, and that person or her or his assigns or subsequent assignees may lawfully have, take and pursue the same means and remedies which the mortgagee may lawfully have, take or pursue for the foreclosure of a mortgage and for the recovery of the money secured thereby.

As shown above, there is *no* cause of action for failure to record an assignment of a mortgage, which is just notice to third parties of the assignment. *See* Fla. Stat. §701.02. Therefore, Plaintiff lacks standing to bring this case.

Essentially, Plaintiff sued Defendant on the same frivolous basis as the *Fuller* plaintiff, claiming Defendant breached an unspecified "obligation" to record an assignment of the Mortgage. [Complaint ¶ 21-23, ¶ 27-29, ¶ 32-34] This frivolous issue underlies his baseless, vague claims for alleged violations of RESPA, § 12 U.S.C. 2601 *et seq* [Complaint ¶ 37-39]; TILA, § 15 U.S.C. 1601 *et seq* [Complaint ¶ 41-44]; FDCPA, § 15 U.S.C. 1692 *et seq* [Complaint ¶ 46-50]; and FCCPA, Fla. Stat. § 559.55 [Complaint ¶ 51-54] Other federal courts rejected similar frivolous cases for damages. *Correa v. BAC*, LEXIS 159089 (M.D. Fla. 2012) [dismissed frivolous RESPA/TILA/FDCPA per bank's alleged failure to record assignment]

7

Plaintiff fails to plead any damages in his RESPA claim, or to consistently allege Defendant holds the Note/Mortgage in his TILA claim, or allege the loan was allegedly in default in his FDCPA claim, again, requiring dismissal of those claims, per a similar case. *Benjamin v. CitiMortgage*, LEXIS 64515 (S.D. Fla. 2013) [dismissed TILA, RESPA and FDCPA claims for failure to state claims for relief, per above criteria]

Plaintiff's demands for a copy of an assignment are not qualified, written, requests [QWR] under RESPA, requiring dismissal of that claim. *Helman v. Udren*, 85 F. Supp. 3d 1331 (S.D. Fla. 2014) [debtor's demand for copy of note was not QWR, resulting in dismissal of RESPA claim] At best, Defendant was attempting to communicate on and/or enforce the Mortgage, which is not collection activity under the FDCPA, requiring dismissal of that claim. *Helman* at 1324-29.

Plaintiff never alleges he was deceived by the alleged lack of an assignment in his FCCPA claim, just like his frivolous FDCPA claim, both of which should be dismissed. *Trent v. MERS*, 618 F. Supp. 2d 1361 (M.D. Fla. 2007) [dismissed FCCPA claim, per FDCPA criteria, as debtor not deceived by alleged conduct of creditor] The case should be dismissed.

8

## III. **MERS is an indispensable party to this case.**

Plaintiff seeks to attack the lack of an assignment from MERS to Defendant, however MERS is not a party to this case, to which it is an indispensable party. MERS' absence means Plaintiff has not stated a plausible claim for relief. The absence of MERS prevents the Court from making any determination of the validity and/or need for an assignment the Mortgage, requiring dismissal of this case. ***Schutten v. Shell***, 421 F.2d 874 (5th Cir. 1970) [affirmed dismissal of case on real property dispute as owner of property was not named, whose interest would be unaffected by judgment, whose ownership would be adjudicated without due process, without right to present defenses/claims, leaving defendant liable to owner, resulting in meaningless decree /additional costly litigation] This is the same result if this case is adjudicated in the absence of MERS – which Plaintiff seeks to prejudice in this case. However, leave to join MERS is futile. Any relief on the Mortgage must be dismissed with prejudice.

## CONCLUSION

Defendant respectfully requests this frivolous case be dismissed with prejudice and all other just and proper relief.

## CERTIFICATE OF SERVICE

I certify that on 6/28/17 I served a copy of this document via U.S. First Class Mail upon the Plaintiff at 3457 Deercreek Palladian Circle, Deerfield Beach, Florida 33442.

Respectfully submitted this 28th day of June, 2017.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
Albertelli & Whitworth, P.A.
100 Galleria Parkway, Suite 960
Atlanta, Georgia 30339
Telephone: (770) 373-4242, Ext: 2476
Fascimile: (770) 373-4260
Email: pwersant@alaw.net
Attorneys for Defendant
360 Mortgage, LLC