FILED BY _____ D.C.

JUL 21 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CV-61055-BLOOM-VALLE

JAMES W SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

    Defendant_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, James W Scott, who hereby submits his Response to Defendant's Motion to Dismiss and states as follows:

### Background

The matter before the Court is simple. Plaintiff never received a proper notification of where the Assignment of mortgage was recorded on the initial correspondence letter. Plaintiff requested, through a Qualified Written Request, proof and Validation that Defendant had the right to enforce the note. This Qualified Written Request was done in accordance with TILA, RESPA and the FDCPA. Defendant failed to respond to this request. Only through persistence and further investigation did Plaintiff discover other entities such as "MERS", which should have been disclosed to Plaintiff on the initial correspondence letter and the first Qualified Written Request and the result was this lawsuit. But regardless of how the parties arrived here, the Motion before the Court merely asks whether the Complaint satisfies the Pleading requirements of the Federal Rules.

The Plaintiff has plead all of the claims well. Dismissal is not warranted simply because

Defendant disputes the veracity of the facts plead. Defendant's reasoning throughout its Motion is flawed for several reasons. First, Defendant asserts contradictory arguments, demonstrating the ambiguity and duplicity that led to this action. Second, rather than showing a deficiency in the allegations, Defendant denies the truth of the allegations. Denials belong in an answer and do not serve as grounds for dismissal. Third, Defendant argues that the Plaintiff produced insufficient evidence for the claims. Defendant requests that the Court take judicial notice of Plaintiff's documents per Fed. R. Evid. 201. referenced in the Complaint. A lack of evidence or insufficiency is grounds to strike or for summary judgment, not dismissal. And fourth, Defendant applies wrong case law to issues at hand.

## **Standard of Review for a Motion to Dismiss**

Courts view Rule 12(b)(6) motions with disfavor. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("We hasten to add that [a 12(b)(6) motion] is viewed with disfavor and rarely granted."). A complaint should be upheld if it is "supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). Additionally, when considering a motion to dismiss the court should consider the plaintiff's allegations as true. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

As courts throughout Florida have consistently held, Twombly and Iqbal3 do not change the fundamental analysis that a district court engages in when ruling on a motion to dismiss, i.e., accepting all plausible allegations as true and determining whether the complaint contains „a short and plain statement of the claim showing that the pleader is entitled to relief."" Smith v. Wm. Wrigley Jr. Co., 663 F.Supp.2d 1336, 1341 n. 3 (S.D. Fla. 2009). The issue for

consideration on a motion to dismiss is not whether the Plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

If a defect can be cured by amendment, leave to amend should be freely granted. Forman v. Davis, 371 U.S. 178, 182 (1962); Ferrell Law, P.A. v. Crescent Miami Center, LLP, 313 Fed. Appx. 182, 186 (11th Cir. 2008); Fed. R. Civ. P. 15(a)(2).

In addition, " A motion to dismiss for failure to state a claim must be viewed in conjunction with and balanced against the general rules of leading; on the one hand, a motion to dismiss for failure to state a claim should only be granted if, after accepting all well-pleaded allegations in the Plaintiff's complaint as true, it appears certain that the Plaintiff cannot prove any set of facts in support of his claim entitling him to relief; on the other hand, under the general rules of pleading, a complaint need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief." *Jordan V. Western Distributing Co.*, d. Md. 2003, 286 F.Supp.2d 545, affirmed 135 Fed. Appx. 582, 2005 WL 1009642. Federal Civil Procedure 1773. When complaint is submitted pro se, allegations, however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers, and in cases in which a pro se plaintiff is faced with motion to dismiss, it is appropriate for court to consider materials outside of complaint to the extent they are consistent with allegations in complaint. *Donhauser v. Goord*, N.D.N.Y.2004, 314 F. Supp.2d 119. Federal Civil Procedure 1832. Because federal courts simply require "notice pleading," complaint need not specify correct legal theory nor point to right statute to survive motion to dismiss. *Illinois Constructors Corp. v. Morency & Associates, Inc.*, N.D.Ill.1992, 802 F. Supp. 185, reconsideration denied. Federal Civil Procedure 1829. Dismissal for failure to state a claim is not favored by law. *F.D.I.C. v. Harrington*, N.d. Tex.

1994, 844 F.Supp. 300. Federal Civil Procedure 1721. Court is restricted to face of pleadings and may look only within the four corners of complaint in evaluating motion to dismiss for failure to state a claim. In re Catfish Antitrust Litigation, N.D.Miss.1993, 826 f.Supp.1019. Federal Civil Procedure 1829. Issue on motion to dismiss for failure to state a claim upon which relief can be granted is not whether plaintiffs will prevail, but whether they should be afforded opportunity to offer evidence to prove their claims. *Aguilar V. United Nat. Ins. Co.*, D.Conn.1993,825 F.Supp. 456. Federal Civil Procedure 1721. Pro se complaint, no matter how unartfully pleaded, must survive motion to dismiss for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sculthorpe v. Virginia Retirement System,* E.D.Va.1997, 952 F.Supp. 307. Federal Civil Procedure 1773. Inartful pleadings of pro se litigant must be liberally construed on defendant's motion to dismiss for failure to state a claim. *Ortez v. Washington County,* State of Or., C.A.9 (Or) 1996, 88 F.3d 804. Federal Civil Procedure 657.5(1).

### Argument and Memorandum of Law

I. **Defendant's Motion to Dismiss Impermissibly Raises Factual Issues Outside the Scope of Plaintiff's Complaint**

In the title and introduction of Defendant's Motion, Defendant refers to the motion here at issue as a Motion to Dismiss Case with Prejudice. *See* D.E. 14. A cursory review of Defendant's Motion reveals, however, that Defendant has made no attempt to challenge the legal sufficiency of allegations in Plaintiff's Complaint, as would be proper in a motion to dismiss, and has instead directly addressed the merits of the case by raising disputed issues of fact. These asserted facts are well outside the four corners of Plaintiff's Complaint, were raised by Defendant solely to argue that MERS (Mortgage Electronic Registration System) should be a party to this case, which impermissibly exceeds the scope of a motion to dismiss. *See Zohar v.*

*Chase Home Financing,* 2010 WL 4064798 at *1 (S.D. Fla. 2010) (citing *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984) ("A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.")).

As a general rule, a district court may not consider any materials beyond the pleadings in ruling on a motion to dismiss. *SFM Holdings, Ltd. V. Banc of America Securities, LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010). When a district court is nonetheless provided with materials outside the pleadings in the context of a motion to dismiss, such as here, the court can either exclude the additional facts or materials and decide the motion on the complaint alone, or convert the motion to one for summary judgment after affording the plaintiff the opportunity to present evidence and supporting materials. *Property Mgmt. & Invest., Inc. v. Lewis,* 752 F. 2d 599, 604 (11th Cir. 1985) (citing *Carter v. Stanton,* 405 U.S. 669, 671 (1972); Fed. R. Civ. P 12(d) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the materials that is pertinent to the motion.").

In an attempt to induce the Court to improperly rule on the merits of Plaintiff's case before allowing Plaintiff the opportunity to conduct any discovery and therefore the ability to supply evidence supporting Plaintiff's claims, Defendant has raised several disputed facts in support of his Motion and requests that this Court rule on these factual disputes. In support of his argument that MERS should be included in this lawsuit and Plaintiff fails to allege misconduct by MERS, Defendant cites case law incorrectly. In *Bryant v. Dupree,* 252 F.3d 1163 (11th Cir. 2001), the Defendant failed to include the true basis of the case which states: ("

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action

with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991). A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

At (D.E. 14 at II), Defendant again cites case law incorrectly in *Lujan v. Defenders of Wildlife,* 504 U.S. 560-61, by implying that subject matter jurisdiction in a motion to dismiss is held to the same standards as one for summary judgment. The correct citation in this case is: ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim," *National Wildlife Federation, supra,* 497 U.S. at 889. ") Also, "A factual attack on a complaint, pursuant to a motion to dismiss for lack of subject matter jurisdiction, differs greatly from a motion to dismiss for failure to state a claim." *Carton v. Choice Point,* D.N.J. 2006, 450 F.Supp.2d 489. Federal Courts 33.

Defendant continues the argument of attempting to include MERS into the lawsuit, *See* (D.E. 14 at II pg 4-7), by offering a well informative background of MERS taken from the *Fuller v. MERS,* 888 F. Supp. 2d 1265-67 (M.D. Fla. 2012) case. Defendant also attempts to compare Plaintiff's Complaint with that of the **Fuller v. MERS** case. First of all, the Fuller case is a class action suit, the Clerk's complaint was based off of the lack of recording fees that they felt were due only to the Clerks and the Florida Statute that they used had no place for a cause of action. Essentially, the Defendant's reasoning for including this case in comparison with Plaintiff's Complaint is frivolous and way outside the four corners of the complaint.

Next, Defendant fails to properly interpret Fla. Stat. §701.01 by implying this is just a notice to third parties of the assignment and because of this, Plaintiff lacks standing to bring this case. This again, is outside the four corners of Plaintiff's Complaint in so much so that Plaintiff

made it crystal clear in the Complaint, See (D.E. 1 ¶ 23, Ex A), in that no indication was made to where the assignment was recorded. Fla. Stat. §559.715 states:

**559.715   Assignment of consumer debts.**—This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

Defendant failed to perform the condition precedent in this regard.

In Correa v. BAC, LEXIS 159089 (M.D. Fla. 2012), Benjamin v. Citimortgage, LEXIS 64515 (S.D. Fla. 2013) dismissed frivolous RESPA/TILA and FDCPA claims for **amended complaints** which failed to state claims for relief. In other cases, damages for mental anguish were proper in RESPA claims. See *Rawlings v. Dovenmuehle Mortgage, Inc,* 64 F. Supp. 2d 1156, 1166-67 (M.D. Alabama 1999), *Johnstone v. Bank of America,* 173 F. Supp. 2d 809, 814-16 (N.D. Illinois 2001) and *Ploog v. Homeside Lending, Inc,* 209 F. Supp. 863, 870 (N.D. Illinois 2002). Also, see (D.E. 1 ¶ 44). In *Helman v. Udren*, 85 F. Supp. 3d 1331 (S.D. Fla 2014), the Court addressed what a Qualified Written Request should entail:

" For a document to fall within the definition of a qualified written request under RESPA, the document must contain information that (i) shows why a plaintiff believes his or her loan account servicing was in error or (ii) seeks information pertaining to the servicing of the loan. 12 U.S.C. § 2605(e) (2014)."

In (D.E. 1 ¶ 24 Ex B), Plaintiff's Qualified Written Request shows why Plaintiff believes his loan account servicing was in error and also seeks information pertaining to the servicing of the loan. The letter Plaintiff sent to MERS (D.E.1 ¶ 26-27 Ex D) for the milestones request had the primary demand for a copy of the assignment.

## II.   Discovery is Required for a Proper Analysis of Plaintiff's Claims

The FDCPA 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott,* 112 F.

Supp. 2d 937 (N.D. Cal. 2000): *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.*, 960 F. Supp. 609 (D. Nev. 1997). " Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996). The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle,* 305 F. 3d 1107, 1117 (20th Cir. 2002).

As previously mentioned, the FDCPA is a strict liability statute and "Because the Act Imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of whether Plaintiff never alleged he was deceived by the alleged lack of assignment fails in light of the fact that Defendant did not provide a location of where the assignment was recorded. The arguments made that Plaintiff has not provided all evidence material to state a claim in the Complaint are ridiculous. Such evidence is to be presented at trial and is not required to be annexed in the Complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a <u>short plain statement of the claim showing the pleader is entitled to relief.</u>" [ emphasis added] in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).As for the FCCPA, it essentially mirrors the FDCPA in almost every case. For example: The Florida Consumer Collection Practices Act, Florida Statutes §559.55 *et seq.* ("FCCPA") is a state law analog to the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Both statutes are intended to protect consumers from unfair and deceptive debt

collection activities, and provide for both regulatory enforcement as well as private causes of action. The statutes are sufficiently similar that federal interpretations of the FDCPA are given "due consideration and great weight" by Florida courts interpreting the FCCPA. 2010 Fla. Sess. L. Serv. at § 559.77(5). The definitions sections of both Acts are markedly similar. Until recently, the FCCPA was considered to be narrower in scope than the FDCPA. Recent decisions, however, expose lenders and creditors to greater liability under the FCCPA than under the federal Act.

Both statutes have similar definitions for a "debt collector" and exclude from this definition entities that originated a consumer loan and entities that acquired such a loan when it is not in default. 15 U.S.C. §1692a(6)(F); Florida Statutes §559.55(6)(a), (f). Notwithstanding the fact that the Florida Act's definition of "debt collector" exempts originating lenders and creditors that acquire a debt before default, Florida courts have declined to include the requirement that a defendant must be a debt collector as an element of a civil claim under the FDCPA. *Gann v. BAC Home Loans Servicing, LP,* 145 So.3d 906, 910 (Fla. 2d DCA 2014). This interpretation results from language in the Prohibited Practices section of the statute that states "In collecting consumer debts, no *person* shall… [commit specified prohibited acts]. Florida Statutes §559.72 (emphasis added). Thus, liability under the FCCPA is not predicated upon a defendant being a "debt collector" but rather upon being a "person" that is attempting to collect a consumer debt and commits a prohibited practice. *Gann v. BAC Home Loans Servicing, LP,* 145 So.3d at 910. The distinction drawn between the FCCPA and the FDCPA by Florida courts has been cited by a federal court as well. *Williams v. Educational Credit Management Corp.,* __ F.Supp. __, Case No. 8:14-cv-1254, 2015 WL 847381 (M.D. Fla. Feb. 26, 2015). As a result, an originating lender or a "person" acquiring the debt before default

may be held liable for violations of the FCCPA even though the same entity would fall outside of the definition of a debt collector and not be liable under the FDCPA.

### III.    MERS is not a Necessary Party to this Case.

As has been stated throughout this answer to Defendant's motion to dismiss, the idea or fixation of including MERS into this case is outside the four corners of the complaint. In a final attempt, Defendant cites *Schutten v. Shell,* 421 F. 2d 874 (5th Cir. 1970), in stating that if this case is adjudicated without MERS, Defendant would be liable to owner, resulting in meaning-less decree and additional costly litigation. This is completely not the issue at all. The case also says: "The plaintiff has the right to "control" his own litigation and to choose his own forum." MERS is basically a bankruptcy remote entity, not a real party in interest. Their primary function is to be a tracking mechanism for mortgages. Taken from MERS handbook:

"Registration vs Recording. MERS is not a system of legal record nor a replacement for the public land records. Mortgages must be recorded in the county land records." "MERS is a tracking system. No interests are transferred on the MERS system, only tracked." (April 2009)

Based upon the above, Plaintiff feels it futile to include MERS into the case. It was and is the Defendant's responsibility to indicate to the borrower where the assignment is recorded.

### CONCLUSION

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972). Plaintiff's claims should therefore survive dismissal.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint and further asks the Court to clearly articulate any deficiencies identified in Plaintiff's Complaint.

Respectfully Submitted,

_____
James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
954-540-0408
Jwsscott777@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being sent via certified mail to Defendant.

_____
James W Scott

## SERVICE LIST

Paul Gerald Wersant
Albertelli & Whitworth
Suite 960
100 Galleria Parkway
Atlanta, GA 30339
(Via U.S. Mail)