UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:17-cv-61055-BLOOM-VALLE

JAMES W SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

    Defendant          /



FILED BY _____ D.C.

SEP 25 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## AMENDED COMPLAINT

Plaintiff, James W Scott sues Defendant, 360 Mortgage Group, LLC and for his Complaint alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq,; for damages for violations of the Truth in Lending Act (TILA) 15 U.S.C. §1641 et seq,; for damages for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227 et seq.; for damages for violations of the Fair Credit Reporting Act ( FCRA) 15 U.S.C. §1681s-2(b) et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; 28 U.S.C §1331; 15 U.S.C. §1681p and 47 U.S.C. §227(b)(3)

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1441(a) because the Plaintiff resides here and the Defendant conducts business in this District.

### PARTIES

4. At all times material hereto, Plaintiff, **JAMES W SCOTT** (Mr. Scott)is *suri juris,* and a resident of Broward County, Florida and owns a home which is Plaintiff's primary residence in Broward County.

5. At all times relevant to this Complaint, Mr. Scott is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c), and/or persons with standing to bring a claim by virtue of being directly affected by violations of the acts.

6. At all times material hereto, Defendant, **360 MORTGAGE GROUP, LLC** (360 Mortgage) is a servicer and transacts business in the State of Florida.

7. At all times relevant to this Complaint, 360 Mortgage was and is a "person" as said term is defined in 12 USCA §2605(i)(2), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and primary dwelling located at: 3457 Deercreek Palladian Circle Deerfield Beach, Florida 33442.

8. The Promissory note signed by Plaintiff in connection with the mortgage serviced by 360 Mortgage is a consumer credit transaction within the meaning of, and subject to TILA.

9. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

10. The mortgage loan in question is a "federally related mortgage loan" as defined in Sections 3 and 8 of 12 U.S.C. §2602(1) & 2607, RESPA.

11. At all times relevant to this Complaint, 360 Mortgage, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, 360 Mortgage, alleges they are the "Owner" and "Holder" of the note with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

13. On or about June 20, 2016, Plaintiff, Mr. Scott, had completed a refinance with Sovereign Lending Group (Original Lender) and was confronted by a neighbor who gave Mr. Scott a verbal threat of a lawsuit.

14. This lawsuit was in regards to a mistake made by First American Title Company who was Sovereign Lending Group's title company.

15. The title company had placed Mr Scott's name on the neighbor's title and the neighbor's name on Mr. Scott's title.

16. The matter was resolved by the title company. Mr. Scott realized he was an Unsophisticated Consumer and began questioning the original lender and title company for answers to make sure his title was not clouded.

17. No answers were given and on or about August of 2016, 360 Mortgage sent Mr. Scott a letter stating that they were the new servicer of the loan.

18. Upon receiving the letter from 360 Mortgage, Mr. Scott checked the public records for an assignment from Sovereign Lending Group to 360 Mortgage.

19. No assignments were found that indicated 360 Mortgage was assigned the mortgage.

20. The letter that 360 mortgage sent Mr. Scott also did not indicate where the assignment was recorded. (Exhibit A)

21. On April 7, 2017, Mr. Scott sent 360 Mortgage a **"qualified written request"** to check on the validity of the loan. 360 Mortgage never responded to the request. (Exhibit B)

22. On April 29, 2017, Mr. Scott sent 360 Mortgage a second "qualified written request". (Exhibit C)

23. On April 29, 2017, Mr. Scott sent a request for the "milestones" on this mortgage

to "MERS" (Mortgage Electronic Registration) because Mr. Scott discovered after reviewing the mortgage that "MERS" was acting solely as nominee for Lender.

24. Mr. Scott found on the "MERS" website that 360 Mortgage is listed as the current active servicer. No assignment was found in public records to indicate that 360 Mortgage was assigned the mortgage. (Exhibit D & E)

25. On or around May 7, 2017, Mr. Scott sent the three main credit reporting agencies (Trans Union, Equifax and Experian ) dispute letters in regards to 360 Mortgage reporting and furnishing information without a valid assignment in public records.

26. On or around May 10, 2017, Mr. Scott received an answer to the second "qualified written request". The information contained information that Mr. Scott already had from public records, such as: A copy of mortgage and note from Sovereign Lending (Original Lender), along with billing statements and a dunning letter.

27. 360 Mortgage stated in the reply that they were the "Holder" of the note and the "Owner" of the loan. No assignments were found in public records that indicated 360 Mortgage was assigned the mortgage.

28. On May 12, 2017, 360 Mortgage made the first of 23 calls to Plaintiff's wireless phone number (954-540-0408) from phone number (512-660-6192) after Plaintiff revoked consent to be called in reference to the alleged debt.

29. Upon information and belief the purpose of the calls to Plaintiff's wireless phone was for the collection of a debt which they stated to Plaintiff on more than one occasion.

30. Plaintiff had revoked any implied consent to receive communications by phone on the Qualified Written Request dated April 29, 2017. (Exhibit C)

31. 360 Mortgage made at least 23 individual calls to Plaintiff's wireless phone beginning May 12, 2017 continuing through August 28, 2017 using ATDS capable equipment.

    1. May 12, 2017 at 12:26 PM;
    2. May 31, 2017 at 12:15 PM;
    3. June 1, 2017 at 12:42 PM;
    4. June 2, 2017 at 1:04 PM;
    5. June 5, 2017 at 11:22 AM;
    6. June 8, 2017 at 11:30 AM;
    7. June 16, 2017 at 11:03 AM;
    8. June 20, 2017 at 12:59 PM;
    9. June 23, 2017 at 11:46 AM ( answered but no response);
    10. June 26, 2017 at 1:01 PM ( answered but no response);
    11. June 28, 2017 at 11:30 AM;
    12. June 29, 2017 at 1:08 PM ( answered but no response);
    13. June 30, 2017 at 6:03 PM ( answered but no response);
    14. July 3, 2017 at 1:12 PM;
    15. July 11, 2017 at 12:08 PM;
    16. July 14, 2017 at 12:23 PM ( answered but no response);
    17. July 19, 2017 at 10:43 AM (answered said hello twice, no response);
    18. July 22, 2017 at 10:20 AM;
    19. July 26, 2017 at 12:40 PM;
    20. July 28, 2017 at 11:38 PM ( Spoke to agent, revoked consent again);
    21. August 18, 2017 at 6:49 PM ( Spoke to agent again revoked consent);
    22. August 24, 2017 at 10:03 AM;
    23. August 28, 2017 at 7:28 PM.

32. According to the Bipartisan Budget Act of 2015:

    "Telephone calls made using an autodialer or a prerecorded or artificial voice to collect a debt owed to or guaranteed by the United States are limited to three calls to a debtor within a 30 day period **but zero calls** if a debtor requests no further calls."

33. Plaintiff at or near the time each of the calls were placed to his wireless phone by 360 Mortgage made handwritten notes of all call details including but not limited to the date, time and when he answered the calls. ( Exhibit G)

34. Upon information and belief, Defendant placed the calls to the Plaintiff voluntarily.

35. Upon information and belief, Defendant placed the calls to the Plaintiff under its own

free will.

36. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

37. On the several occasions when Plaintiff would answer Defendant's calls, no one would say anything and there would be only dead air.

38. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

39. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

40. At the times that all of the above identified calls were received on his wireless phone, Plaintiff was the subscriber to the called number and was the sole person having custody of said phone and paid for the airtime for the called number.

41. On the morning of July 28, 2017, Plaintiff spoke with an agent for 360 Mortgage who informed Plaintiff that this call is an attempt to collect a debt and he was unaware of any current lawsuit or revoked consent after Plaintiff made him aware of these things. The agent said he would continue to call regardless. Plaintiff revoked consent again to being called on his wireless phone regarding these matters.

42. Plaintiff's claims herein are brought timely within the four year statute of limitations under the TCPA.

43. On May 15, 2017, Mr. Scott received a reply from 360 Mortgage in regards to "MERS" who forwarded the letter to 360 Mortgage to answer on behalf of them.

44. This letter stated, among other things, that "MERS" is the **recorded lienholder** of said property on behalf of 360 Mortgage. No assignments were found in public records that indicated this. (Exhibit F)

45. The letter went on to say that Mr. Scott's county would reflect "MERS" as the

lienholder on behalf of 360 Mortgage. No assignments were found in public records that indicated this.

46. It also stated that "No assignment is required to be recorded with your county as long as MERS is the recorded lienholder. An assignment, which would be from MERS to 360 Mortgage, would only be recorded in the event legal proceedings are ever required". Defendant claims to be the holder and note owner.

47. On June 5, 2017, Plaintiff received an updated credit report from Equifax.

48. On June 13, 2017, Plaintiff received an updated credit report from Experian.

49. On June 15, 2017, Plaintiff received an updated credit report from TransUnion.

50. On all three reports shown as (Exhibits H-K), none of them indicate that Plaintiff's account is in dispute. §1681s-2(b) requires furnishers to flag an account as in dispute after a consumer disputes first with the CRAs regardless of the accuracy.

51. Upon information and belief, Plaintiff alleges that after disputing with the CRAs, the CRAs then forwarded his disputes to 360 Mortgage through the credit industry's "e-Oscar" system and in response to each dispute, 360 Mortgage simply responded that it had "verified" that the account belonged to it and was owed by Mr. Scott. Nothing more was done according to a proper investigation.

52. On July 30, 2017, Plaintiff again disputed to the CRAs in regards to 360 Mortgage reporting without a valid assignment in public records.

53. On August 17, 2017, Plaintiff received an updated report from Experian.

54. On September 19, 2017, Plaintiff received an updated report from TransUnion.

55. On the two reports shown as (Exhibits L-N), neither indicate the account is disputed.

56. Defendant continues to allege they are the "Holder" and "Owner" of the note and mortgage loan for the Plaintiff's property.

57. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT I
## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY 360 MORTGAGE

58. Paragraphs 1 through 56 are re-alleged as though fully set forth herein.

59. 360 Mortgage is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2605.

60. Plaintiff's written requests for information about his account and correction of Defendant's errors were "qualified written requests" within the meaning of RESPA.

61. 360 Mortgage deliberately failed to respond in a proper and timely way to Mr. Scott's "qualified written requests" for information about, and corrections to, his mortgage account, in violation of 12 U.S.C. §2605(e).

**WHEREFORE**, Plaintiff demands judgment against 360 Mortgage for a proper accounting and application of his mortgage payments and for actual or statutory damages and fees and costs of $136.78 for office supplies and mailing, along with any other and further relief as the Court deems just and proper, pursuant to 12 U.S.C. §2605.

## COUNT II
## VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641 BY 360 MORTGAGE

62. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

63. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

    (1) In general

    In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-----

    (A) the identity, address, telephone number of the new creditor;

    (B) the date of transfer;

    (C) how to reach an agent or party having authority to act on behalf of the new creditor;

    (D) the location of the place where transfer of ownership of the debt is recorded; and

    (E) any other relevant information regarding the new creditor.

64. At all times material hereto, 360 Mortgage has represented to Mr. Scott to be a "creditor" as the term is defined in 15 U.S.C. §1602(g). 360 Mortgage alleges to be the holder and owner of the note and mortgage.

65. At all times material hereto, 360 Mortgage is and was a loan servicer as the term is Defined in 12 U.S.C.A. §2605(i)(2), that services the loan obligation, secured by a mortgage upon Mr. Scott's primary residence and principal dwelling.

66. 360 Mortgage failed to comply with 15 U.S.C. §1641(g) by not indicating the location of the place where transfer of ownership of the debt is recorded.

    **WHEREFORE**, Plaintiff demands judgment for damages against 360 Mortgage for actual or statutory damages in the amount of twice the finance charge (of up to $4,000.00) pursuant to 15 U.S.C. §1640(a)(2) )(A)(iv); and, reasonable costs and fees in accordance with 15 U.S.C. §1640; and including those for mental anguish, in an

amount to be determined at trial pursuant to 15 U.S.C. §1640(a)(3).

## COUNT III
## VIOLATIONS OF THE TCPA 47 U.S.C.§227(b)(1)(A)(iii)
## BY 360 MORTGAGE

67. Plaintiff repeats and re-alleges each and every allegation stated above.

68. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. §227 et. seq.

**WHEREFORE**, Plaintiff demands judgment for statutory damages pursuant to 47 U.S.C. §227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations; Awarding Plaintiff any fees and costs incurred in this action; Any further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FCRA 15 U.S.C. §1681s-2(b)
## BY 360 MORTGAGE

69. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

70. Plaintiff is a consumer as governed by the FCRA 15 U.S.C. §1681(a)(c).

71. 360 Mortgage is a credit furnisher governed by the FCRA 15 U.S.C. §1681s-2

72. 360 Mortgage violated the FCRA 15 U.S.C. §1681s-2(b) by failing to fully investigate the Plaintiff's disputes regarding the account, and/or by reporting inaccurately the results of such investigation.

73. 360 Mortgage failed to indicate that the Plaintiff's account is in dispute after receiving a "bona fide" dispute from the CRAs which triggered their responsibilities as a furnisher.

74. As a result of this conduct, action and inaction of 360 Mortgage, the Plaintiff suffered

actual damages including without limitation, by example only and as described herein: loss of credit, damage to reputation, embarrassment, humiliation and other mental distress.

**WHEREFORE** , 360 Mortgage's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, 360 Mortgage was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o. The Plaintiff is entitled to recover actual damages, statutory damages of not less than $100 nor more than $1,000, costs and fees from 360 Mortgage in an amount to be determined by the Court pursuant to 15.U.S.C. §1681n and §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff, James W Scott, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted By,
James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Fl 33442
954-540-0408 / Cell
Jwsscott777@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being via certified mail to Defendants.

James W Scott

*/s/ James W Scott*

**SERVICE LIST**

Paul Gerald Wersant
Albetelli & Whitworth
Suite 960
100 Galleria Parkway
Atlanta, GA 30339

Rafael Jose Solernou, Jr.
Albertelli Law
12816 SW 91 Court
Miami, Fl 33176

Attorneys for Defendant

Phone log (Exhibit 6)
For 360 mortgage group
2017

1) April 11 — called at 11 o'clock
2) April 7 — called at 11:30
3) March 31 — called at 10:02
4) April 24 — called @ 10:00
5) April 21 — called @ 11:00
6) May 12, 2017 called @ 12:26 pm
7) May 31, 2017 called @ 12:55 pm
8) June 1, 2017 called @ 12:42 pm
9) 6/2/2017 call @ 1:04 pm
10) 6/5/2017 called @ 11:22 AM
11) 6/6/2017 called @ 11:30 AM
12) 6/16/2017 called @ 11:03 AM
13) 6/20/2017 called at 12:59 pm
14) 6/23/17 called at 11:46 Am — Answered but no response
15) 6/26/17 called @ 1:01 pm — Answered – no response
16) 6/28/17 called @ 11:30 AM
17) 6/29/17 called @ 1:08 pm — said Hello – no response
18) 6/30/17 called at 6:03 pm — said Hello – no response
19) July 3, 2017 called at 1:12 pm
20) July 11, 2017 called at 12:08 pm
21) July 14, 2017 called at 12:23 pm — Answered – but no response
22) July 14, 2017 called at 10:43 pm — said Hello Twice, no response
23) July 27, 2017 called at 10:20 Am
24) July 28, 2017 called at 11:35 Am — Finally spoke to Brian, said this is Attempt to collect a debt, was unaware of current lawsuit and I told him I only wanted communication by writing. said he would continue to call regardless
25) July 26, called @ 12:40
26) August 18, 2017 6:49 pm — spoke to Brian again, same conversation
27) Aug 24, 2017 @ 10:03 Am
28) Aug 28, 2017 @ 7:28 pm

*Exhibit H*

## How to read your results

The results of our investigation of your dispute consists of two sections: 1) the Investigation Results Summary which appears below, and 2) the attached view of how the disputed item(s) that remain on your credit report now appear(s). If an item you disputed is not listed, it means that the item was not appearing in your credit report or it already reflected the requested status at the time of our investigation. Items deleted from your credit report will not appear in the attached credit report detail and if no credit report detail is attached following the Investigation Results summary, you may view a free full copy of your credit report by visiting www.transunion.com/fullreport.

The following key provides you a more complete description of our investigation results of the items you disputed:

**DELETED:** The disputed item was removed from your credit report.

**DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED:** The item was verified as belonging to you and other account information has changed or the item was updated to reflect recent activity.

**DISPUTED INFORMATION UPDATED:** A change was made to the item based on your dispute.

**DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED:** A change was made to the item based on your dispute and other information unrelated to your dispute has changed.

**INFORMATION DELETED:** The item was removed from your credit report.

**INFORMATION UPDATED:** A change was made to the item.

**NO UPDATE NECESSARY:** The disputed information already reflects the requested status.

**REINSERTED:** This previously deleted item has now been verified; therefore, it has been reinserted into your credit report.

**VERIFIED AS ACCURATE:** The disputed information was verified as accurate and no change was made to the item.

**VERIFIED AS ACCURATE AND UPDATED:** The disputed information was verified as accurate; however, other information has changed and/or the item was updated to reflect recent activity.

## Investigation Results Summary

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| PERSONAL INFORMATION | | INFORMATION UPDATED |
| 360 MORTGAGE GROUP LLC<br>11305 FOUR POINTS<br>BUILDING 1 / SUITE<br>AUSTIN, TX 78726<br>(866) 360-4636 x40000 | # 928001008**** | INFORMATION UPDATED |
| [redacted] | # 8285** | DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED |
| [redacted] | # LAI0000**** | DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED |
| [redacted] | # 603534003630**** | DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED |
| [redacted] | # 243290**** | INFORMATION UPDATED |
| [redacted] | # 815316600249**** | DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED |







| File Number: | 360365029 |
| --- | --- |
| Date Issued: | 06/10/2017 |

## Personal Information

You have been on our files since 07/01/1989

**SSN:** XXX-XX-5033

**Date of Birth:** 07/17/1968

**Names Reported:** JAMES WESLEY SCOTT and JIM W. SCOTT

### Addresses Reported:

| Address | Date Reported | Address | Date Reported |
| --- | --- | --- | --- |
| 4608 NW 8TH TER, FORT LAUDERDALE, FL 33309-3943 | 02/01/2007 | 3457 DEER CREEK PALLADIAN CIR, DEERFIELD BEACH, FL 33442-7949 | 04/05/2016 |
| | 04/01/2013 | | 01/01/1998 |
| ████████ H, FL | 03/18/2016 | ████████ | |
| 10█████████████ 4 | 07/01/2012 | | |

### Telephone Numbers Reported:

(954) 540-0408    (561) 470-5462    (954) 771-8181    (954) 470-5462    (561) 241-7400

### Employment Data Reported:



| Employer Name | Date Verified | Location | Position |
| --- | --- | --- | --- |
| ████████ | 08/09/2015 | FORT LAUDERDALE, FL | OWNER |
| | 02/01/2007 | | |
| | 11/17/2003 | | |

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**360 MORTGAGE GROUP LLC** #928001008**** ( 11305 FOUR POINTS, BUILDING 1 / SUITE, AUSTIN, TX 78726, (866) 360-4636 x40000 )

| | | | |
| --- | --- | --- | --- |
| Date Opened: 07/11/2016 | Balance: $289,235 | Pay Status: ›Account 60 Days Past Due Date‹ |
| Responsibility: Individual Account | Date Updated: 05/05/2017 | Terms: $1,796 per month, paid Monthly for 360 months |
| Account Type: Mortgage Account | Last Payment Made: 02/28/2017 | |
| Loan Type: VA REAL ESTATE MORTGAGE | High Balance: $290,865 | ›Maximum Delinquency of 60 days in 05/2017 for $4,000‹ |
| | Past Due: ›$4,000‹ | |

Estimated month and year that this item will be removed: 02/2024

| | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Rating | 30 | OK | OK | OK | OK | OK | X | X |

**AVANT** #8285** ( 222 N LASALLE STREET, SUITE 1700, CHICAGO, IL 60601, (800) 712-5407 )

| | | | |
| --- | --- | --- | --- |
| Date Opened: 06/12/2015 | Balance: $1,192 | Pay Status: ›Account 120 Days Past Due Date‹ |
| Responsibility: Individual Account | Date Updated: 05/30/2017 | Terms: $118 per month, paid Monthly for 24 months |
| Account Type: Installment Account | Last Payment Made: 10/12/2016 | |
| Loan Type: UNSECURED | High Balance: $2,000 | ›Maximum Delinquency of 120 days in 03/2017 for $472 and in 05/2017 for $708‹ |
| | Original Creditor: AVANT INC (Financial) | |
| | Past Due: ›$708‹ | |

Remarks: DISP INVG COMP-RPT BY GRNTR
Estimated month and year that this item will be removed: 11/2023

| | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Rating | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK |

| | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |





Exhibit 5

# experian™

Prepared for: JAMES WESLEY SCOTT
Date: June 07, 2017
Report number: 1645-3069-82
Page 4 of 20

*Your accounts that may be considered negative*

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Payment history legend



| | Current/Terms of agreement met | | Voluntarily surrendered |
| | Account 30 days past due | | Repossession |
| | Account 60 days past due | | Paid by creditor |
| | Account 90 days past due | | Insurance claim |
| | Account 120 days past due | | Claim filed with government |
| | Account 150 days past due | | Defaulted on contract |
| | Account 180 days past due | | Collection |
| | Creditor received deed | | Charge off |
| | Foreclosure proceedings started | **CLS** | Closed |
| | Foreclosed | **ND** | No data for this time period |

## Credit items

**360 MORTGAGE GROUP**
11305 FOUR POINTS DR BLDG 1
AUSTIN TX 78726
**Phone number**
(512) 418 6000
**Partial account number**
928001008......
**Address identification number**
0074448087
**Mortgage Identification Number**
100913500000130545

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jul 2016 | Mortgage | $290,865 | $291,707 as of Jun 2017 | Individual |
| **First reported** | **Terms** | **High balance** | | **Status** |
| Nov 2016 | 30 Years | Not reported | | Open. $5,868 past due as of Jun 2017. |
| **Date of status** | **Monthly payment** | | | By Jan 2024, this account is scheduled to go to a positive status. |
| Jun 2017 | $1,796 | | | This item remained unchanged from our processing of your dispute in Jun 2017. |

**Payment history**

|  | 2017 |  |  |  |  |  | 2016 |  |  |
|---|---|---|---|---|---|---|---|---|---|
|  | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV |  |
| | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | Nov16 | | |
| **AB** = Account balance ($) | 289,235 | 288,661 | 287,633 | 288,097 | 288,497 | 289,091 | 289,683 | | |
| | Feb28 | Feb28 | Feb28 | Jan30 | Dec31 | Nov28 | Oct27 | | |
| **SPA** = Scheduled payment amount ($) | 1,796 | 1,796 | 1,796 | 1,796 | 1,610 | 1,610 | 1,610 | | |
| | ND | ND | ND | 1,796 | 1,610 | 1,610 | ND | | |

▲ *The original amount of this account was $290,865*

Account history - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

**AB** = Account balance ($)    = Date payment received    **SPA** = Scheduled payment amount ($)    = Actual amount paid ($)



0182816696

Exhibit K

> > > *We have reviewed the inquiry information.* **The results are:** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact
the creditor. If you have additional questions about this item please contact:
> > > *We have reviewed the inquiry information.* **The results are:** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact
the creditor. If you have additional questions about this item please contact:
> > > *We have reviewed the inquiry information.* **The results are:** AM and AR inquiries indicate a periodic review of your credit history by one of your creditors.
Equifax, CSC credit services, ACIS, update, PRM, AM and AR inquiries are not provided to prospective credit grantors. PRM, AR, and AM inquiries remain on the
credit file for 12 months and are not shared with potential credit grantors. If you have additional questions about this item please contact: **Ccb/Ppc, 9690 Deereco
Rd, Ste 705, Timonium MD 21093-6936 Phone: (866) 528-3733**
> > > *We have reviewed the inquiry information.* **The results are:** ND inquires are known as SCH inquiries and are not seen by the creditors. They would
indicate that the consumer had initiated contact with ▓▓▓ ▓▓▓▓ ▓▓
> > > *We have reviewed the inquiry information.* **The results are:** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact
the creditor. If you have additional questions about this item please contact: **Credit Plus, 530 Riverside Dr,**
> > > *We have reviewed the inquiry information.* **The results are:** Inquiries are a factual record of file access. If you believe this was unauthorized, please contact
the creditor. If you have additional questions about this item please contact:
**(800) 670-7993**
> > > *We have reviewed your concerns and our conclusions are:*
CICE an account has been opened, the account may appear on the credit file for 7 years from the date of first Delinquency or 10 years from the date reported. The
disputed inquiry advantage credit dated 06/06/2016 is currently not reporting on the Equifax credit file.

## Credit Account Information
*for your security, the last 4 digits of account number(s) have been replaced by \****  (*This section includes open and closed accounts reported by credit grantors*)

| Account History | | |
|---|---|---|
| Status Code | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| Descriptions | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

> > > *We have researched the credit account.* **Account # - 928001008\***  **The results are:** We verified that this item belongs to you. We have verified that this item
has been reported correctly. If you have additional questions about this item please contact: **360 Mortgage Group, LLC, 11305 Four Points Dr, Austin TX
78726-2204 Phone: (512) 660-6918**

**360 Mortgage Group, LLC** – **11305 Four Points Dr Austin TX 78726-2204 : (512) 660-6918**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification | Date Closed |
|---|---|---|---|---|---|---|---|---|---|
| 928001008* | 07/11/2016 | $290,865 | $0 | 30Y | Monthly | 8 | | | |

| Date Reported | Balance | Amount Past Due | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/2017 | $289,235 | $4,000 | $0 | $1,796 | | 02/2017 | 03/2017 | $0 | | $0 | |

Status - 60 - 89 Days Past Due; Type of Account - Mortgage; Type of Loan - Va Real Estate Mortgage; Whose Account - Individual Account; ADDITIONAL INFORMATION - Real Estate Mortgage; VA Mortgage; Variable/Adjustable Rate;

**Account History**  05/2017   04/2017
with Status Codes   2          1

*Exhibit L*

## How to read your results

The results of our investigation of your dispute consists of two sections: 1) the Investigation Results Summary which appears below, and 2) the attached view of how the disputed item(s) that remain on your credit report now appear(s). If an item you disputed is not listed, it means that the item was not appearing in your credit report or it already reflected the requested status at the time of our investigation. Items deleted from your credit report will not appear in the attached credit report detail and if no credit report detail is attached following the Investigation Results summary, you may view a free full copy of your credit report by visiting www.transunion.com/fullreport.

The following key provides you a more complete description of our investigation results of the items you disputed:

**DELETED:** The disputed item was removed from your credit report.

**DISPUTE NOT SPECIFIC; VERIFIED AND UPDATED:** The item was verified as belonging to you and other account information has changed or the item was updated to reflect recent activity.

**DISPUTED INFORMATION UPDATED:** A change was made to the item based on your dispute.

**DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED:** A change was made to the item based on your dispute and other information unrelated to your dispute has changed.

**INFORMATION DELETED:** The item was removed from your credit report.

**INFORMATION UPDATED:** A change was made to the item.

**NO UPDATE NECESSARY:** The disputed information already reflects the requested status.

**REINSERTED:** This previously deleted item has now been verified; therefore, it has been reinserted into your credit report.

**VERIFIED AS ACCURATE:** The disputed information was verified as accurate and no change was made to the item.

**VERIFIED AS ACCURATE AND UPDATED:** The disputed information was verified as accurate; however, other information has changed and/or the item was updated to reflect recent activity.

## Investigation Results Summary

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| 360 MORTGAGE GROUP LLC<br>11305 FOUR POINTS<br>BUILDING 1 / SUITE<br>AUSTIN, TX 78726<br>(866) 360-4636 x40000 | # 928001008**** | VERIFIED AS ACCURATE |
| [redacted] | # 8285** | DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED |
| [redacted] | # LAI0000**** | DELETED |
| [redacted] | # 603534003630**** | VERIFIED AS ACCURATE AND UPDATED |
| [redacted] | # 243290**** | VERIFIED AS ACCURATE |
| [redacted] | # 815316600249**** | DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED |

Exhibit M

Page: 1 of 3



File Number: 360365029
Date Issued: 08/31/2017

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**360 MORTGAGE GROUP LLC** #928001008**** ( 11305 FOUR POINTS, BUILDING 1 / SUITE, AUSTIN, TX 78726, (866) 360-4636 x40000 )

| | | | |
|---|---|---|---|
| Date Opened: | 07/11/2016 | Date Updated: | 08/07/2017 |
| Responsibility: | Individual Account | Last Payment Made: | 02/28/2017 |
| Account Type: | Mortgage Account | | |
| Loan Type: | VA REAL ESTATE MORTGAGE | | |

Pay Status: ›Account 120 Days Past Due‹
Terms: $1,796 per month, paid Monthly for 360 months
›Maximum Delinquency of 120 days in 07/2017 for $7,736 and in 08/2017 for $9,604‹

**High Balance:** High balance of $290,865 from 05/2017 to 05/2017; $290,865 from 07/2017 to 08/2017
**Remarks:** ›FORECLOSURE INITIATED‹
**Estimated month and year that this item will be removed:** 02/2024

| | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $293,692 | $292,279 | | $289,235 | | | | | | | | |
| Scheduled Payment | $1,796 | $1,796 | | $1,796 | | | | | | | | |
| Amount Paid | | $0 | | $0 | | | | | | | | |
| Past Due | $9,604 | $7,736 | | $4,000 | | | | | | | | |
| Rating | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | X | X |





Balance:
Date Updated:
Last Payment Made:
High Balance:
Original Creditor:
Past Due: ›$944‹

Pay Status:
Terms:

**Remarks:** DISP INVG COMP-RPT BY GRNTR
**Estimated month and year that this item will be removed:** 11/2023

| | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | | | | | | | | | | OK | OK | OK |

| | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 07/2015 |
|---|---|
| Rating | OK |

#### [Redacted Account] #3524002620**** ( PO BOX ...

Date Opened:
Responsibility:
Account Type:
Loan Type: CHARGE ACCOUNT

Date Updated:
Last Payment:
High Balance:
Original Charge-
Credit Limit:
Past Due:

Pay Status: ›
Terms:
Date Closed:

**Remarks:** ACCT INFO DISPUTED BY CONSUMR; CLOSED BY CREDIT GRANTOR; ›UNPAID BALANCE CHARGED OFF‹
**Estimated month and year that this item will be removed:** 11/2023

| | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 |
|---|---|---|---|---|---|---|---|
| Rating | X | | | | | | |

Exhibit N

# experian

Prepared for: JAMES W SCOTT
Date: August 12, 2017
Report number: 1918-6945-85

Page 7 of 24

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Payment history legend

| | | |
|---|---|---|
| | Current/Terms of agreement met | VS Voluntarily surrendered |
| | Account 30 days past due | R Repossession |
| | Account 60 days past due | PBC Paid by creditor |
| | Account 90 days past due | IC Insurance claim |
| | Account 120 days past due | G Claim filed with government |
| | Account 150 days past due | D Defaulted on contract |
| | Account 180 days past due | C Collection |
| CRD | Creditor received deed | CO Charge off |
| FS | Foreclosure proceedings started | CLS Closed |
| F | Foreclosed | ND No data for this time period |

## Credit items

**360 MORTGAGE GROUP**
11305 FOUR POINTS DR BLDG 1
AUSTIN TX 78726
**Phone number**
(512) 418-6000
**Partial account number**
928001008....
**Address identification number**
0074448087
**Mortgage Identification Number**
10091350000130545

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jul 2016 | Mortgage | $290,865 | $293,692 as of Aug 2017 | Individual |
| **First reported** | **Terms** | **High balance** | | **Status** |
| Nov 2016 | 30 Years | Not reported | | Foreclosure proceedings started. $9,604 past due as of Aug 2017. |
| **Date of status** | **Monthly payment** | | | This account is scheduled to continue on record until Jan 2024. |
| Aug 2017 | $1,796 | | | **Comment:** Foreclosure proceedings started. This item remained unchanged from our processing of your dispute in Jun 2017. |

**Payment history**

```
        2016
AUG JUL JUN MAY APR MAR FEB JAN DEC NOV
 FS
```

| | Jul17 | Jun17 | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | Nov16 |
|---|---|---|---|---|---|---|---|---|---|
| AB | 292,279 | 291,707 | 289,235 | 288,661 | 287,633 | 288,097 | 288,497 | 289,091 | 289,683 |
| | Feb28 | Feb28 | Feb28 | Feb28 | Feb28 | Jan30 | Dec31 | Nov28 | Oct27 |
| SPA | 1,796 | 1,796 | 1,796 | 1,796 | 1,796 | 1,796 | 1,610 | 1,610 | 1,610 |
| AAP | ND | ND | ND | ND | ND | 1,610 | 1,610 | 1,610 | ND |

**AB** = Account balance ($)   = Date payment received   **SPA** = Scheduled payment amount ($)   **AAP** = Actual amount paid ($)

Account history - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

▲ The original amount of this account was $290,865.

0182816696

7192-03-00-0000704-0004-0011083