IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL CASE No. 0:17-cv-61055-BB

JAMES W. SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC,

    Defendant.

_____/

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE BY DEFENDANT 360 MORTGAGE GROUP, LLC

Per L.R. 7.1 and Fed. R. Civ. P. 12, Defendant 360 Mortgage, Group, LLC moves to dismiss the Amended Complaint with prejudice.

### STATEMENT OF FACTS

1. Plaintiff alleges being the debtor of a note, secured by a mortgage on his residence. [Amended Complaint, ¶ 7-8]

2. Plaintiff vaguely alleges Defendant owns and/or holds and/or services the Note and/or Mortgage. [Amended Complaint ¶ 12]

3. Plaintiff alleges that he refinanced a prior loan into the current one. [Complaint ¶ 16-19]

4. Plaintiff seeks ‹damages› for Defendant׳s alleged violation of federal/state law.

7. The case should be dismissed with prejudice.

### MEMORANDUM

Per Fed. R. Evid. 201, the Court is requested to take judicial

1

notice of the documents referenced in the Complaint which can be done without converting this motion to one for summary judgment. **_Brooks v. Blue Cross_**, 116 F.3d, 1369 (11th Cir. 1997)

**Standard for Dismissal.**

A complaint may be dismissed if the facts as pled do not state a facially claim for relief. **_Sinaltrainal v. Coca-Cola_**, 22 Fla. L. Weekly Fed. C 60, p. 13 (11th Cir. 2009) *citing* **_Ashcroft v. Iqbal_**, 556 U.S. 662 (2009) ["a complaint must state a plausible claim for relief to survive a motion to dismiss"] **_Bell v. Twombly_**, 550 U.S. 570 (2007) In **_Iqbal_**, the Court indicated that Fed. R. Civ. P. 8 does not require detailed factual allegations *but requires "more than an unadorned, defendant-unlawfully-harmed-me accusation."* **_Sinaltrainal_** at 13 citing **_Iqbal,_** 129 S. Ct. at 1949.

A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **_Id._** Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." **_Iqbal_**, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." **_Id_**. A complaint is sufficient only if it

2

gives "fair notice of what the…claim is and the grounds upon which it rests." ***Sinaltrainal***, LEXIS 17764 (quoting ***Twombly***, at 555).

Plaintiff cannot meet these standards in the Complaint, for which further amendment is futile. ***Bryant v. Dupree***, 252 F.3d 1163 (11th Cir. 2001) ["A district court need not, however, allow an amendment... where amendment would be futile"]. As shown below, Plaintiff fails to meet any of these standards, requiring the dismissal of this case with prejudice.

### The Case Must be Dismissed with Prejudice for Failure to State a Cause of Action for which Further Amendment is Futile.

Plaintiff fails to plead any damages save "…for actual or statutory damages and fees and costs of $136.78 for office supplies and mailing "in his RESPA claim, or to consistently allege Defendant holds the Note/Mortgage in his TILA claim save for one line in paragraph 12 of the amended complaint with a vague label and formulaic recitation, or allege the loan was allegedly in default in any of his claims, again, requiring dismissal of those claims, per a similar case. ***Benjamin v. CitiMortgage,*** LEXIS 64515 (S.D. Fla. 2013) [dismissed TILA, RESPA and FDCPA claims for failure to state claims for relief, per above criteria].

Plaintiff's Count III alleges violations of TCPA 47 U.S.C. §227(b)(1)(A)(iii). The two (2) elements for an auto dialer TCPA claim (1) a call to a cellular telephone; (2) via an automatic

3

telephone dialing system.  See **Robbins v. Coca-Cola Co.** 2013 WL 225264 (S.D. Cal).  The second element, that an auto-dialer be used, is not met.  The Plaintiff simply lists times and dates he was allegedly contacted via telephone, making a factual allegation, with no basis in fact, that the calls were made using "ATDS capable equipment" [Amended complaint ¶31].  Without any reference as to how Plaintiff is aware that "ATDS capable equipment" was being implemented.  Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007).  Even if the allegations in Plaintiff's Amended Complaint are taken in the light most favorable to him, the TCPA claim still fails as a matter of law.  The mere fact that telephone calls were made are not enough to substantiate a TCPA claim. The Plaintiff must show that the calls were made from an auto-dialer without his express consent. In the instant case, the Plaintiff failed to allege that if he had given prior consent to being called, though the Plaintiff did allege any implied consent to receive communications by phone were revoked [Amended Complaint ¶30] and more importantly, other than a rote recitation that "ATDS capable equipment was used", failed to properly show a fundamental element to a TCPA

4

claim. Thus, the claim should be dismissed with prejudice.

In respect to Count IV of Plaintiff's Amended Complaint, FCRA 15 U.S.C. §1681s-2(b)

    (b) Duties of furnishers of information upon notice of dispute

    (1) In general

After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

    (C) report the results of the investigation to the consumer reporting agency;

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

    (2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i (a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

In the instant case, Plaintiff has not alleged or shown

5

that the required notice pursuant to FCRA 15 U.S.C. 1681i(a)(2) has been made to trigger the application of U.S.C. 1681s-2(b). Plaintiff simply alleges that "upon information and belief", Plaintiff believes the Credit Reporting Agencies then forwarded his alleged dispute to the Defendant through the "e-Oscar" system. [Amended Complaint ¶ 51]. This is, again, a naked assertion and speculation with no factual allegation as to how this assertion was found. The allegations asserted in Count IV do not rise above the level of mere speculation. On its face, the allegations show no nexus to the Defendant and in best light show a vague unsubstantiated cause of action against the Credit Reporting agencies referenced by the Plaintiff (Amended Complaint ¶47-55], but not towards the Defendant in the instant case. This count should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant respectfully requests all counts and the instant case be dismissed with prejudice and all other just and proper relief.

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2017 I served a copy of this document via U.S. First Class Mail upon the Plaintiff at 3457 Deercreek Palladian Circle, Deerfield Beach, Florida 33442.

Respectfully submitted this 19th day of October, 2017.

By: /s/Rafael J. Solernou, Jr.
Rafael J. Solernou, Jr., Esquire
Florida Bar No. 86579
JAMES E. ALBERTELLI, P.A.
P.O. Box 23028
Tampa, Florida 33623
Telephone: (813) 221-4743
Fascimile: (813) 221-9171
Attorneys for Defendant
360 Mortgage, LLC
eService: servealaw@albertellilaw.com
eService: rsolernou@albertellilaw.com

17-001409