UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:17-CV-61055-BLOOM-VALLE

JAMES W SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

    Defendant    /

FILED BY _____ D.C.

OCT 3 0 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT's
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW the Plaintiff, James W Scott, who hereby submits his Response to Defendant's Motion to Dismiss and states as follows:

**Background**

The matter before the Court is simple. Plaintiff never received a proper notification of where the Assignment of mortgage was recorded on the initial correspondence letter. Pl[aintiff] requested, through a Qualified Written Request, proof and Validation that Defendant had t[he] right to enforce the note. This Qualified Written Request was done in accordance with TIL[A/] RESPA. Defendant failed to respond to this request and the result was this lawsuit. Plaintiff disputed with the credit reporting agencies before and during the inception of this lawsuit i[n] regards to the Defendant reporting on Plaintiff's credit reports while not having a valid assignment in public records. Plaintiff also revoked any implied consent to communication[s] by telephone on the Qualified Written Request. But regardless of how the parties arrived he[re] the Motion before the Court merely asks whether the Amended Complaint satisfies the Plea[ding] requirements of the Federal Rules. The Plaintiff has plead all of the claims well. Dismissal i[s]

not warranted simply because Defendant disputes the veracity of the facts plead.

## Standard of Review for a Motion to Dismiss

Courts view Rule 12(b)(6) motions with disfavor. Brooks v. Blue Cross & Blue Shield Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("We hasten to add that [a 12(b)(6) motion] viewed with disfavor and rarely granted."). A complaint should be upheld if it is "supported [a] showing [of] any set of facts consistent with the allegations in the complaint." Bell Atl. v. Twombly, 550 U.S. 544, 563 (2007). When considering a motion to dismiss, the court m construe the complaint in the light most favorable to the plaintiff. Timson v. Sampson, 518 870, 872 (11th Cir. 2008). Additionally, when considering a motion to dismiss the court sho consider the plaintiff's allegations as true. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 20

As courts throughout Florida have consistently held, Twombly and Iqbal do not chang the fundamental analysis that a district court engages in when ruling on a motion to dismiss accepting all plausible allegations as true and determining whether the complaint contains ,, short and plain statement of the claim showing that the pleader is entitled to relief.'"" Smith Wm. Wrigley Jr. Co., 663 F.Supp.2d 1336, 1341 n. 3 (S.D. Fla. 2009). The issue for consideration on a motion to dismiss is not whether the Plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims. " Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

If a defect can be cured by amendment, leave to amend should be freely granted. Forman v. Davis, 371 U.S. 178, 182 (1962); Ferrell Law, P.A. v. Crescent Miami Center, LLP, 313 Fe Appx. 182, 186 (11th Cir. 2008); Fed. R. Civ. P. 15(a)(2).

In addition, " A motion to dismiss for failure to state a claim must be viewed in conjunction with and balanced against the general rules of leading; on the one hand, a motio

to dismiss for failure to state a claim should only be granted if, after accepting all well-plea[d] allegations in the Plaintiff's complaint as true, it appears certain that the Plaintiff cannot pr[ove] any set of facts in support of his claim entitling him to relief; on the other hand, under the g[eneral] rules of pleading, a complaint need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief." *Jordan V. Western Distributing Co.*, d. Md. 2[0] 286 F.Supp.2d 545, affirmed 135 Fed. Appx. 582, 2005 WL 1009642. Federal Civil Proced[ure] 1773. When complaint is submitted pro se, allegations, however in-artfully pleaded are hel[d] less stringent standards than formal pleadings drafted by lawyers, and in cases in which a p[ro se] plaintiff is faced with motion to dismiss, it is appropriate for court to consider materials out[side] of complaint to the extent they are consistent with allegations in complaint. *Donhauser v. G[ray]* N.D.N.Y.2004, 314 F. Supp.2d 119. Federal Civil Procedure 1832. Because federal courts simply require "notice pleading," complaint need not specify correct legal theory nor point [to] right statute to survive motion to dismiss. *Illinois Constructors Corp. v. Morency & Associa[tes] Inc.*, N.D.Ill.1992, 802 F. Supp. 185, reconsideration denied. Federal Civil Procedure 1829. Dismissal for failure to state a claim is not favored by law. *F.D.I.C. v. Harrington*, N.d. Te[x.] 1994, 844 F.Supp. 300. Federal Civil Procedure 1721. Court is restricted to face of pleading[s and] may look only within the four corners of complaint in evaluating motion to dismiss for failu[re to] state a claim. In re Catfish Antitrust Litigation, N.D.Miss.1993, 826 f.Supp.1019. Federal C[ivil] Procedure 1829. Issue on motion to dismiss for failure to state a claim upon which relief ca[n be] granted is not whether plaintiffs will prevail, but whether they should be afforded opportuni[ty to] offer evidence to prove their claims. *Aguilar V. United Nat. Ins. Co.*, D.Conn.1993,825 F.S[upp.] 456. Federal Civil Procedure 1721. Pro se complaint, no matter how unartfully pleaded, mu[st] survive motion to dismiss for failure to state a claim unless it appears beyond doubt that pla[intiff]

can prove no set of facts in support of his claim which would entitle him to relief. *Sculthor[*

*Virginia Retirement System,* E.D.Va.1997, 952 F.Supp. 307. Federal Civil Procedure 1773.

Inartful pleadings of pro se litigant must be liberally construed on defendant's motion to dis

for failure to state a claim. *Ortez v. Washington County,* State of Or., C.A.9 (Or) 1996, 88 F

804. Federal Civil Procedure 657.5(1).

## Argument and Memorandum of Law

**I.    Defendant's Motion to Dismiss fails to address the legal sufficiency of Plair Amended Complaint.**

In the title and introduction of Defendant's Motion, Defendant refers to the motion l at issue as a Motion to Dismiss Case with Prejudice. *See* D.E. 35. A cursory review of Defendant's Motion reveals, however, that Defendant has made no attempt to challenge the sufficiency of allegations in Plaintiff's Complaint, as would be proper in a motion to dismi and has instead directly addressed the merits of the case by raising disputed issues of fact. T asserted facts are well outside the four corners of Plaintiff's Complaint.

In an attempt to induce the Court to improperly rule on the merits of Plaintiff's case before allowing Plaintiff the opportunity to conduct any discovery and therefore the ability supply evidence supporting Plaintiff's claims, Defendant has raised several disputed facts ir support of his Motion and requests that this Court rule on these factual disputes. In support of his argument that " Plaintiff fails to plead any damages save for actual or statutory damaş and fees and costs of $136.78 for office supplies and mailing," Defendant cites **Benjamin v Citimortgage,** Lexis 64515 (S.D. Fla. 2013) which dismissed RESPA and TILA claims whi were frivolous. In other cases, however, damages for mental anguish were proper in RESP/ claims. *See Rawlings v. Dovenmuehle Mortgage, Inc,* 64 F. Supp. 2d 1156, 1166-67

(M.D. Alabama 1999), *Johnstone v. Bank of America,* 173 F. Supp. 2d 809, 814-16 (N.D. Illinois 2001) and *Ploog v. Homeside Lending, Inc,* 209 F. Supp. 863, 870 (N.D. Illinois 2002). Also, see (D.E. 1 ¶ 44). In *Helman v. Udren,* 85 F. Supp. 3d 1331 (S.D. Fla 2014). The Plaintiff plead actual damages of $136.78 since no pattern of repeated violations occurred in regards to the RESPA violation.

" For a document to fall within the definition of a qualified written request under RESPA, the document must contain information that (i) shows why a plaintiff believes his or her loan account servicing was in error or (ii) seeks information pertaining to the servicing of the loan. 12 U.S.C. § 2605(e) (2014)."

In (D.E. 1 ¶ 24 Ex B), Plaintiff's Qualified Written Request shows why Plaintiff believes his loan account servicing was in error and also seeks information pertaining to the servicing of the loan. Plaintiff has consistently alleged that Defendant claims to hold the Note and Mortgage on paragraph 12, 27, 46, 56 and 64 of the Amended Complaint. (D.E. 32). This satisfies the requirements for Plaintiff's TILA claim in regards to 15 U.S.C. §1641(g).

## II.     Discovery is Required for a Proper Analysis of Plaintiff's Claims

In regards to Plaintiff's TCPA claim, Defendant vaguely alludes to **Robbins v. Coca-Cola Co.** 2013 WL 225264 (S.D. Cal) in stating that only two elements are necessary to state a claim for the TCPA. First of all, setting aside Defendant's selective reading of the Amended Complaint , The elements of a TCPA claim are: (1) the Defendant called a cellular telephone number; (2) without the recipient's prior express consent; and (3) using an automatic telephone dialing system. *See* 47 U.S.C. § 227(a)(1). Plaintiff clearly pleaded a violation of the TCPA against Defendant. *See Erickson,* 551 U.S. 89 ("Specific facts are not necessary; the statement need only 'give the defendant fair notice'").

Defendant states that Plaintiff makes these allegations without a basis in fact and without

any reference as to how Plaintiff is aware that "ATDS capable equipment" was being implemented. Paragraph 37 of the Amended Complaint clearly describes what Plaintiff experienced when he answered the calls which are also reflective of paragraph 31 and the handwritten note ( Exhibit G ) of the Amended Complaint. Paragraph 30 of the Amended Complaint references ( Exhibit C ) which clearly revoked any previous alleged consent. Surprisingly, Defendant failed to cite any authority in support of what is deficient in Plaintiff's TCPA claim. Even a cursory review would reveal that these items will all be learned in discovery. By stating that "The Plaintiff must show that the calls were made from an auto-dialer without his express consent.", Defendant claims that *Twombly,* as further modified by *Iqbal,* has somehow radically altered Rule 8(a)(2) and created a fact-pleading standard that the Plaintiff has failed to meet. This is simply not the case. "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 740, 750 (3d Cir. 2005). Defendant has failed to meet its burden of proving that the Plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face. Under *Twombly,* Plaintiff's allegations will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the Complaint must describe the claim in sufficient detail to give Defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the Complaint's allegations must plausibly suggest that the Plaintiff has a right to relief, raising the possibility above a level of speculation. *See Twombly,* 550 U.S. at 544-55. Ample authority exists that Plaintiff has stated a claim upon which relief can be granted. In *Connelly v. Hilton Grant Vacations Co., LLC,* No. 12cv599-JLS (KSC), 2012 WL 2129364 (S.D. Cal. June 11, 2012), this Court denied defendant's motion to dismiss plaintiff's TCPA claims, finding that a reading of plaintiff's complaint provided sufficient allegations that supported a reasonable inference to allow a cause of action for

violation of the TCPA to withstand a motion to dismiss. In that case, the Court rejected Defendant's argument that Plaintiffs should plead additional facts about the ATDS and consent.

Like in *Connely,* a reading of Plaintiff's Complaint provides sufficient facts and information upon which relief can be granted. *See also* **Reyes v. Saxon Mortg. Servs., Inc.,** No. 09cv1366-DMS (WMC), 2009 WL 3738177, at*4 (S.D. Cal. Nov. 5, 2009) (TCPA Complaint properly pleaded where "factual bases for this claim are Plaintiff's allegations that Defendant 'frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated calling machine, dialer, and auto-dialer) and an artificial or prerecorded voice'"); **Greene v. DirecTV, Inc.**, No. 10c117, 2010 WL 1506730, at*2 (N.D. Cal. April 14, 2010) (denying motion to dismiss TCPA claim because "the four corners of [plaintiff]'s complaint assert that [defendant] used an automatic telephone dialing system to call [plaintiff's cell phone when she had not provided prior express consent.")

Further, Plaintiffs are not required to prove their case through the allegations in their Complaint. The Federal Rules of Civil Procedure allow for discovery, such that the federal notice pleading standard does not require Plaintiffs to allege all factual details at the pleading stage. *See* **Robinson,** 2011 WL 1434919, at*3; **Kramer v. Autobytel, Inc.**, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) ("Rule 8 does not require plaintiff to plead his claims with particularity.") Therefore, as discussed, the Plaintiff has met the requirement of Rule 8 under *Twombly* and sufficiently plead his claims for violation of the TCPA by Defendant.

Moving on to address the Defendant's attempt to dismiss the Plaintiff's Count IV claim of FCRA 15 U.S.C. §1681s-2(b), the Defendant has provided no basis in authority to bolster his argument. Defendant's first statement "Plaintiff has not alleged or shown that the required notice pursuant to FCRA 15 U.S.C. 1681i(a)(2) has been made to trigger the application of

U.S.C. 1681s-2(b)", clearly demonstrates the Defendant's apparent selective reading of the Amended Complaint in this regard. In paragraphs 25 and 52 of the Amended Complaint, the Plaintiff indicated that he had disputed with the three credit reporting agencies which triggered the Defendant's responsibility under 15 U.S.C. §1681s-2(b)(1). *See* **Pace v. Bank of Am. Corp.**, 537 Fed. Appx. 735 (9th Cir. 2013) (where consumer alleged that he sent dispute letters to CRAs, "it is reasonable to infer that the credit reporting agencies obeyed the law, and that [the furnisher] received notice of Pace's dispute from the credit reporting agencies"); **Owens v. Central Trust Bank,** 2014 WL 5716762 (W.D. Mo. Nov. 5, 2014) (allegation that the consumer disputed with "the three credit reporting agencies, which verified the debt,…sufficiently infer an allegation that the bank defendants received the triggering notice required under section 1681s-2(b)"); **Giessen v. Experian Info. Solutions Inc.,** 2014 WL 4058419 (C.D. Cal. July 2, 2014) (allegations of the plaintiff's disputes with the CRAs and of the furnisher's response were sufficient: "No further allegations regarding notice are required by Federal Rule of Civil Procedure 8(a)").

The allegations asserted in Count IV **do** rise above the level of mere speculation, in so much as, demonstrated in (Exhibits H-N), which show that the Plaintiff's credit reports do not indicate that the account is disputed by the consumer. These Exhibits were introduced in the Amended Complaint in paragraphs 50 and 55 respectively. In terms of addressing paragraph 51 of the Amended Complaint, the Defendant states "This is, again, a naked assertion and speculation with no factual allegation as to how this assertion was found.", Plaintiff believes an education is in order for the Defendant in terms of the FCRA.

In practice, the consumer's dispute is communicated by the CRA to the furnisher using a Consumer Dispute Verification form, known colloquially as a CDV or a "611 notice;" an automated version of the form, communicated entirely electronically, is known as an ACDV.

See *Gorman v. Experian Info. Solutions, Inc.,* 2008 WL 4934047, at*2 (S.D.N.Y. Nov. 19, 2008) ("Experian uses an automated consumer dispute verification ('ACDV') electronic system to submit verification requests to creditors like HSBC. Credit reporting agencies like Experian and Equifax review the information from a consumer's dispute and send an ACDV to the creditor (here HSBC) over a system called the E-OSCAR system. Unfortunately, until recently, CDVs and ACDVs were communicated without supporting documentation and without explaining the consumer's actual dispute. *See* **Gorman v. Wolpoff & Abramson, L.L.P**. 584 F. 3d. 1147 (9th Cir. 2009). The requirement that "all relevant information" received from the consumer must be forwarded to the furnisher was thus ignored as a matter of course. A typical consumer's painstaking description of a specific dispute, fashioned to make detection and correction easy, often was at best be relegated to a generalized code. In 2013, the nationwide CRAs finally began to forward all documents received by the consumer to the furnisher as part of e-OSCAR. *See* **CFPB Bulletin** 2013-09, Sept. 4, 2013.

In addition, a furnisher who is obligated to note a dispute to the CRAs as part of the report of the results of its section §1681s-2(b)(1) investigation, *see* ***Wang v. Asset Acceptance LLC.,*** 2010 WL 2985503 (N.D. Cal. July 27, 2010) (consumer stated a claim for the furnisher's failure to include a dispute notation in reporting the debt to the CRA after the investigation process was completed since "the duties required under §1681s-2(b)(1)(E) continue after the furnisher initially complies with its duty under (b)(1)(A)-(D)")., must also make an appropriate modification under its section 1681s-2(b)(1)(E) duties to ensure that all future re-reporting notes the dispute. As stated previously, it is obvious that Count IV of the Amended Complaint is directed solely towards the Defendant and not the CRAs. The Defendant's attempt to suggest that the cause of action is against the CRAs is way outside the four corners of the Amended

Complaint and unsubstantiated by any authoritative references.

## CONCLUSION

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's Amended Complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less less stringent standard than formal pleadings drafted by an attorney and construe liberally See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972). Plaintiff's claims should therefore survive dismissal.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the Amended Complaint.

Respectfully Submitted

_____

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
954-540-0408
Jwsscott777@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2017, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being sent via certified mail to Defendant.

_____

James W Scott

## SERVICE LIST

Rafael J. Solernou, Jr., Esquire
Florida Bar No. 86579
James E. Albertelli, P.A.
P.O. Box 23028
Tampa, Florida 33623
813-221-4743 Telephone
813-221-9171 Fax
Eservice: servealaw@albertellilaw.com
Eservice: rsolernou@albertellilaw.com

Attorneys for Defendant
360 Mortgage Group, LLC