**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-cv-61055**

**Honorable Judge Beth Bloom**

JAMES W. SCOTT
    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC.
    Defendant.
_____/

**DEFENDANT, 360 MORTGAGE GROUP LLC'S, MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant, 360 MORTGAGE GROUP by and through undersigned counsel, files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and states:

**Statement of Material Fact**:

Plaintiff's Amended Complaint alleges violations of the Telephone Communication Protection Act ("TCPA") by virtue of twenty-three (23) calls being made allegedly by Defendant from a time period commencing on May 12, 2017 to August 28, 2017. 47 U.S.C. § 227. However, Defendant's phone system is not an automatic dialer as defined by the TCPA. As further evidenced in the supporting memorandum, Plaintiff fails to make a claim under the TCPA and summary judgment should be entered in favor of Defendant.

By: _____
    Rafael Solernou
    Florida Bar No.: _____

Albertelli Law
P.O. Box 23028
Tampa, FL 33623
(813) 221-4743
(813) 221-9171 facsimile
eService: servealaw@albertellilaw.com

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 17-cv-61055**

JAMES W. SCOTT
    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC.
    Defendant.
_____/

### DEFENDANT, 360 MORTGAGE GROUP LLC'S, MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF PLAINTIFF'S AMENDED COMPLAINT

**Introduction**

This lawsuit involves a claim under the Telephone Communication Protection Act ("TCPA"). 47 U.S.C. § 227. The TCPA was enacted by Congress in 1991. <u>Id</u>. Pursuant to the Federal Communications Commission ("The FCC") official website, "The TCPA restricts the making of telemarketing calls and the use of automatic telephone dialing systems and artificial or prerecorded voice messages." *Federal Communications Commission* https://www.fcc.gov/general/telemarketing-and-robocalls (last visited Jan. 5, 2018)

As further illustrated below, Plaintiff's claim fails under the TCPA and summary judgment should be entered on behalf of Defendant.

**Summary Judgment Standard**

1. Summary judgment is appropriate only if no genuine issue of material fact exists on the record and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

2. The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

3. The non-movant must present more than a "scintilla" of evidence to defeat a summary judgment motion. Specifically, the non-movant must present contradictory evidence of a fact material to the claims at issue. Anderson, 477 U.S. at 251-

**The Telephone Consumer Protection Act and Elements of a Claim under the Act**

4. The TCPA, codified under 47 U.S.C. § 227, provides in pertinent part:

   **(b) Restrictions on use of automated telephone equipment**
   **(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—**

   **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-- . . .**

   **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

5. The plain language of § 227(b) establishes three elements necessary to establish a prima facie

3

violation of its cell phone call provisions.  Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

6. They are as follows:
    a) "any person" calling a cellular telephone number;
    b) using an automatic telephone dialing system; ("ATDS") and;
    c) without the recipient's prior express consent.

7. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1)

8. Systems that automatically call numbers from a pre-programmed list [(Lardner v. Diversified Consultants Inc., 17 F. Supp. 3d 1215, 1222-23 (S.D. Fla. 2014)]. and "predictive dialers," which call numbers from a list in a way that predicts when a customer representative may be available to take the call, also qualify as autodialers.  Legg v. Voice Media Group, Inc., 20 F. Supp. 3d 1370, 1375 (S.D. Fla. 2014).

9. Furthermore, a federal court sitting in California has clearly held that not every call sent through the use of automated calling equipment, or a predictive dialer, qualifies as an "ATDS" under the TCPA.  Satterfield v. Simon & Schuster (N.D. Cal. 2007) 2007 WL 1839807 at *5-6.

10. Instead the court ruled that only the subset of calls automatically dialed by the use of "a random or sequential number generator" was covered by the TCPA.  Id.

11. Significantly, the District Court rejected the FCC's own interpretation that every predictive dialer qualified as an ATDS.

12. The court concluded that the FCC's broad interpretation was not entitled to deference as it was manifestly at odds with the definition of an ATDS contained inside the statute.  Id.

13. That court ruled that only equipment (whether or not automated or predictive) that contains "a random or sequential number generator" qualifies as an ATDS subject to the TCPA requirements.  Id.

14. Thus if a phone system does not use such number generating technology (even if they contain predictive dialers), they are not covered by the TCPA.  See Id.

15. The key is whether there is an actual human on the line dialing without the use of a random sequence number generator versus a piece of equipment that "has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."  47 U.S.C. 227(a)(1).

**Argument**

16. Defendant's phone system is not an automatic dialer.  See attached Affidavit in Support of Defendant's Motion for Summary Judgment.

17. 360 Mortgage LLC does not have any equipment capable of storing or producing telephone numbers to be called using a random or sequential number generator or any equipment capable of dialing such numbers.  Id.

18. To make outbound calls, 360 Mortgage staff members view a daily collection report which includes associated phone numbers.  Id.

19. The staff member then opens the phone system and copies the phone number from the collection report and pastes it into the phone system.

20. The representative then manually clicks "dial" to place the outbound call.  Id.

21. Moreover, at least one federal court has held that the bare allegation that defendant used an autodialer is grounds for dismissal.  Hunter v. Diversified Consultants, Inc., Case No.  8:14-CV-2198-T-30TGW (M.D. Fla. Nov. 26, 2014).

5

**Conclusion**

22. The Plaintiff's claim in this case is based on a bare allegation that 360 Mortgage used an autodialer, and after an adequate time for discovery, he has provided no evidence of such fact. Therefore, Plaintiff claims falls under the <u>Hunter</u> designation justifying dismissal of his TCPA claim See <u>Id.</u>

23. As such, Plaintiff's claim fails under 47 U.S.C. § 227(b)(1)(A) and summary judgment should be entered in favor of Defendant because Plaintiff has presented no evidence of an essential element of his TCPA claim. See <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-52 (1986).

24. As such, the evidence in this case is so one-sided that 360 Mortgage must prevail as a matter of law.

   **WHEREFORE**, Defendant, requests that the Court grant Judgment in favor of Defendant, and grant any other relief the Court seems just and reasonable including the award of attorney's fees and costs to Defendant.

**CERTIFICATE OF SERVICE**

I certify that on January , 2018, I served a copy of this document via U.S. First Class Mail upon the Plaintiff at 3457 Deercreek Palladian Circle, Deerfield Beach, Florida 33442.

Respectfully submitted this 9th day of January, 2018.

By:        /s/Rafael J. Solernou, Jr.      

Rafael J. Solernou, Jr., Esquire
Florida Bar No. 86579
JAMES E. ALBERTELLI, P.A.
P.O. Box 23028
Tampa, Florida 33623
Telephone: (813) 221-4743
Fascimile: (813) 221-9171
Attorneys for Defendant
360 Mortgage, LLC
eService: servealaw@albertellilaw.com
eService: rsolernou@albertellilaw.com