**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:17-CV-61055-BLOOM-VALLE**

FILED BY [initials] D.C.

JAN 2 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

JAMES W SCOTT

Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

Defendant /

**PLAINTIFF'S RESPONSE TO DEFENDANT"S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff, JAMES W SCOTT, pursuant to Federal Rule of Civil Procedure 56 submits this response to Defendant, 360 MORTGAGE GROUP, LLC (360's) Motion for Summary Judgment and Memorandum of Law and states:

**Statement of Material Facts**

As per count III of Plaintiff's Amended Complaint, the Defendant has placed (23) phone calls to Plaintiff, between May 12, 2017 to August 28, 2017. These calls were placed after Plaintiff revoked any implied consent on a Qualified Written Request sent to Defendant on April 29, 2017. Defendant's phone system, which consists of NEC UNIVERGE SV8100 IP PBX coupled with Televoice which is integrated with Black Knight MSP servicing system to call customers, including the Plaintiff, has the requisite capacity to automatically dial phone numbers. This system is considered an autodialer by the TCPA and the Federal Communications Commission as per 47 U.S.C. §227(b)(1)(A). As further evidenced in the incorporated memorandum, Plaintiff has made a claim under the TCPA and there exists genuine issues of material fact. Summary judgment should be denied in this instant case.

## I. Introduction

As set forth more fully below, Plaintiff respectfully submits that the undisputed material facts of this matter establish that Defendant is not entitled to judgment as a matter of law and that summary judgment should not be granted in its favor as the facts demonstrate that Defendant called Plaintiff's cell phone with an automated telephone dialing system (ATDS), repeatedly, without express consent and even after being specifically instructed verbally to stop making the unwanted calls to Plaintiff's cell phone.

Summary Judgment is not appropriate in this present action because there are material questions of fact as to: 1) whether Defendant's use of its NEC UNIVERGE SV8100 IP PBX phone system used in conjunction with TeleVoice integrated with the Black Knight MSP servicing system to place calls to Plaintiff's cell phone number violated the TCPA; and 2) the number of calls that were placed to the Plaintiff's cell phone using their auto dialing capabilities without the Plaintiff's express consent.

In regard to whether Defendant's state of the art phone system has the requisite capacity to be considered an ATDS under the TCPA and the FCC, it is notable that the Defendant has not disclosed or produced any expert reports regarding its dialer system. This fact alone distinguishes this case from the Middle District case of *Wilcox v. Greentree,* 8:14-CV-1681-T-24, 2015 WL 2092671, at*4(M.D. Fla. May 5, 2015). Further, the Defendant did not take the deposition of the Plaintiff or engage in any discovery in this case. Defendant's arguments are solely based on an untrustworthy affidavit which cannot be considered at the summary judgment stage in this case.

## Summary Judgment Standard

1. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by their own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing there is a genuine issue for trial.'" *Celotex Corp v.Catrett,* 477 U.S. 317 at 324, 106 S.Ct. 2548 (1986), Evidence is reviewed in the light most favorable to the non-moving party. *Fennell v. Gilstrap,* 559 F.3d 1212, 1216 (11th Cir. 2009). Further, in considering

a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the non-moving party. *Abel v. S. Shuttle Servs., Inc.,* 620 F.3d 1272, 1273 n.1 (11th Cir. 2010); *Matshushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *SEC v. Blavin,* 760 F.2d 706 (6th Cir. 1985). The disputed facts must be material; they must be facts, that under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

2. As stated above, the material disputed facts at issue in this case that will affect the outcome of this TCPA action are:

- Whether Defendant's phone system has the requisite capacity to be considered an ATDS as it was used when the calls were made to the Plaintiff's cell phone. *See Ex* 1 and 2.
- The number of unwanted calls that Defendant placed to Plaintiff's cell phone. *See Ex* 3.
- Whether Defendant had express consent to call Plaintiff's cell phone. This implied consent was revoked through a Qualified Written Request. *See Ex "C" from Complaint. Doc1.*

3. This proves that Plaintiff possesses more than a "scintilla" of evidence to defeat this summary judgment.

**Telephone Consumer Protection Act (TCPA)**

4. "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC,* 132 S.Ct. 740, 745 (2012)). The TCPA, in relevant part, makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C., § 227(b)(1)(A). "The TCPA is essentially a strict liability statute" and "does not require any intent for liability except when awarding treble damages." *Alea London Ltd. V. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011).

5. An automatic telephone dialing system or "ATDS" is "equipment which has the capacity

. . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." §227(a)(1). When the TCPA was passed, telemarketers used dialing equipment to create and dial arbitrary 10-digit phone numbers. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14092 (2003).*

6. The FCC, in its July 10, 2015 Omnibus Declaratory Ruling and Order, strengthened the core protections of the TCPA in terms of what constitutes an ATDS: "By finding that, even when the equipment presently lacked the necessary software, it nevertheless had the requisite capacity to be an autodialer, the Commission implicitly rejected any "present use" or "current capacity" test. In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." Id. at 16:62-65. "As the Commission has previously recognized, "the purpose of the requirement that the equipment have the capacity to store or produce telephone numbers to be called' is to ensure that the restriction on autodialed calls not be circumvented." Id. at 19:71-72.

7. This new rule brings clarity to the definition of an ATDS by including machines with a future capacity to dial randomly, sequentially and even from a list loaded into the dialer. Using a touch screen dialing button, which is human intervention, is not sufficient to overcome the ATDS status. An I Phone might be considered an ATDS for intensive purposes if the calls were made without prior consent.

8. In addition, the TCPA uses the word "system" to describe the automated dialing equipment that is defined in §227(a)(1). As a result, the FCC has recognized that various pieces of different equipment and software can be combined to form an autodialer, as contemplated by the TCPA. The fact that these individual pieces of equipment and software might be separately owned or used does not change the analysis. Id. at 24:88. Further, "(t)he Commission stated that, even when dialing a fixed set of numbers, equipment may nevertheless meet the autodialer definition". Id. at 13:48.

9. In paragraphs 9-15 of the Defendant's motion for summary judgment, the Defendant cites a federal Court decision of *Satterfield v. Simon & Schuster* (N.D. Cal. 2007) 2007 WL

1839807 at*5-6.

10. This Court basically rejected the FCC's rulings as it pertains to what qualifies as an ATDS.

11. However, the 9th Circuit Court of Appeals reversed and remanded the Federal Courts decision. No. 07-16356, D.C. No. CV-06-02893-CW.

12. The appeals Court brought clarity to what constitutes an ATDS.

13. According to the case: "The district court erred in holding that there was no genuine and disputed issue of material fact as to whether the system Simon & Schuster used was an ATDS."

14. "We find that the district court focused its analysis on the wrong issue in its determination of what constitutes an ATDS."

15. " Summary Judgment was inappropriate, because there is a genuine issue of material fact concerning whether the equipment utilized by Simon & Schuster has the requisite capacity under the TCPA . . .We therefore reverse and remand."

**Argument**

16. At paragraph 16 of the motion for summary judgment, Defendant states that their phone system is not an auto dialer, based on an untrustworthy affidavit. This affidavit by Defendant was supposedly sworn in front of a notary yet it lacks that it was made under penalties of perjury. This fails to comply with Fed.R.Civ.P. 56(c)(4) and cannot be considered by the Court when addressing a summary judgment motion. How can we trust that the affiant is competent to testify on the matters stated? An affidavit must be sworn and made under penalty of perjury. ***Pfeil v. Rogers,*** 757 F.2d 850, 859 (7th Cir. 1985). "Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury." It also fails to meet the conditions of 28 U.S.C §1746. It is deficient and Plaintiff objects to it in this case.

17. Paragraph 17 states that Defendant does not have any equipment capable of storing or producing telephone numbers to be called using a random or sequential number generator or any equipment capable of dialing such numbers.

18.     This statement is in stark contrast as to what Defendant describes in paragraphs 18 -20. Through a casual review of these three paragraphs, the facts are:

- The collection report has stored numbers.

- This collection report is somehow linked to the phone system in order for the number to be pasted.

- An agent then clicks on a button which "dials" the number.

19.     In other words, the agent looks at the account, determines which of the phone numbers on on the account they wish to call, they select the phone number using the mouse of their computer, when they have selected the phone, they click on it, using the mouse, and it "dials" the number.

20.     Where in the description does this step by step process indicate that an agent manually types or enters the individual numbers one by one into the phone before they place any outbound call?

21.     Defendant asserts that Plaintiff has failed to produce any evidence that Defendant used an autodialer to make the calls. Defendant cites that a bare allegation is grounds for dismissal according to *Hunter v. Diversified Consultants, Inc.,* Case No. 8:14-CV-2198-T-30TGW (M.D. Fla. Nov. 26, 2014). The Plaintiff in that case failed to introduce anything other than simple allegations which were not enough to make it past the motion to dismiss.

**Conclusion**

22.     In contrast, in the instant case, Plaintiff has first-hand knowledge of all the calls that were made to him by the Defendant in regards to the calls answered and not answered. *See Ex* G Amended Complaint and attached Affidavit in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment. (Exhibit 4)

23.     The evidence Plaintiff obtained through discovery indicates that the phone system that is in use by the Defendant currently and when the calls were made, clearly has the ability

to autodial. This at the very least indicates a general dispute as to the material fact of whether an ATDS was used in this case because Defendant clearly had the present capacity to use an autodialer when it placed the calls to the Plaintiff. Defendant failed to produce any documents, records or recordings that would lead a reasonable person to believe that they did not use an autodialer when the calls were placed to Plaintiff.

24.     At paragraph 24 of Defendant's motion for summary judgment, Defendant states: " the evidence in this case is so one-sided that 360 must prevail as a matter of law." Defendant never attempted to obtain any discovery from the Plaintiff. Even if the Defendant attempts to assert that the calls made to Plaintiff were the only ones that they did not use autodialing technology on, these allegations should be disregarded and treated as inadmissible hearsay evidence. It is the Defendant's burden to prove that it did not use a phone system with the requisite capacity to be considered an ATDS by the TCPA and FCC definitions. They have not met this burden and they should not be entitled to judgment as a matter of law.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment as to Count III of the Amended Complaint. Defendant has failed to meet its burden of proving that there exists no genuine issue of material fact regarding its use of an autodialer in violation of the TCPA. In addition, Plaintiff respectfully requests that this Court strike paragraphs 1, 3, 4, and 5 of Defendant's affidavit in lieu of the fact that it is deficient and unable to be admissible evidence.

Dated: January 22, 2018

Respectfully Submitted

James W Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Florida 33442
954-540-0408
Jwsscott777@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2018, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being sent via certified mail to Defendant.

James W Scott

**SERVICE LIST**

Rafael J. Solernou, Jr., Esquire
Florida Bar No. 86579
James E. Albertelli, P.A.
P.O. Box 23028
Tampa, Florida 33623
813-221-4743 Telephone
813-221-9171 Fax
Eservice: servealaw@albertellilaw.com
Eservice: rsolernou@albertellilaw.com

Attorneys for Defendant
360 Mortgage Group, LLC

# EXHIBIT 1

3. If you contend that the Plaintiff provided consent to receive phone calls on a cellular phone, please explain with specificity the basis for such contention, attaching any and all documents which relate to this Interrogatory in your response.

**ANSWER:** Objection because it improperly requests production of documents or tangible items in an interrogatory and it is overbroad in that it has provided no time frame for identification of all calls and finally, it is overbroad in that it is not narrowed by subject related to Plaintiff's allegations against Defendant.

4. Identify all equipment by model, supporting system, and dates and times that they were used to make any telephone call to Plaintiff's cell number [954-540-0408].

**ANSWER:** The System used to make telephone calls to the Plaintiff is NEC UNIVERGE SV8100 IP PBX.

5. Identify each person including present or former third parties, officers and/or employees who are currently, or who were between July 11, 2016 and the present, responsible for your telephony systems in operation and described with specificity that person's duties with respect to telephony.

**ANSWER:** Objection as to relevance, Notwithstanding said objection, Andrew Collins is Defendant's IT Manager and part of his duties and responsibilities include the operability of Defendant's telephony systems.

6. Identify and explain all policies, practices and procedures regarding your use of automatic dialing systems, predictive dialers, or equipment with the capacity to dial telephone numbers without human intervention and the complete history of each. Please include a detailed description of each policy, practice or procedure, the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and if applicable, termination. Please respond to this Interrogatory without regard to time; in other words, disregard set forth instructions for these requests.

**ANSWER:** Objection based on it is argumentative and assumes inaccurate facts in that it assumes Defendant "uses" automatic dialing systems, which it does not. Defendant does not use automatic dialing systems, predictive dialers, or equipment with the capacity to dial telephone numbers without human intervention. Further, it is overly burdensome in that it apparently seeks a "complete history" of each device ever used even if such a device was not used to contact Plaintiff. Finally, objection as interrogatory is overbroad because it is not limited to a period of time.

7. Describe the procedures utilized by you to avoid violation of the Telephone Consumer Protection Act and attach any documents which relate to this Interrogatory and your response.

**ANSWER:** Objection as this interrogatory impermissibly seeks production of documents or tangible items and it further seeks confidential business process and/or confidential trade secrets.

8. Describe in detail all steps taken by you to locate and retrieve electronically stored information, including but not limited to e-mails and sound recordings, responsive to Plaintiff's Request for Documents.

# EXHIBIT 2



TELEVOICE

# 360 Mortgage Group Selects TeleVoice's IVR System to Offer Customers Easy Loan Access

January 21, 2015 08:45 AM Eastern Standard Time

HOUSTON--(BUSINESS WIRE)--TeleVoice, a provider of customized call center solutions, has implemented a customized Interactive Voice Response (IVR) solution at Texas-based 360 Mortgage Group, a privately-owned mortgage bank. The system, which is integrated with Black Knight's MSP servicing system, allows customers to access their loan information effectively and efficiently.

"We believe TeleVoice's IVR solution helps avoid the 'I can't get to a "live" person' stigma of many call center systems," said Norton Wells, vice president of 360 Mortgage. "Enabling customers to either access their loan information, or if needed, opt to talk with a customer representative is much more effective while also providing a better customer experience."

With TeleVoice's system, customers are given multiple options to authenticate, increasing self-service opportunities and reducing the number of calls transferred to agents. By using best practices in IVR script design and taking full advantage of the TeleVoice – Black Knight integration, 360 Mortgage can reduce the costs associated with higher staffing levels.

"We reviewed several alternative IVR products, but none had the mortgage servicing knowledge or connectivity that was critical to our decision," Wells added.

360 Mortgage also selected TeleVoice because of its integration with the Black Knight MSP servicing system. Wells said 360 Mortgage was impressed with TeleVoice's functionality to support customer authorization of ACH drafting of mortgage payments so that the service can be offered free of charge.

"It is important to us that our clients are able to offer the highest level of customer service possible, and that includes offering their customers loan information in the easiest possible way," said Barry Hays, co-founder and senior vice president of TeleVoice. "The executives at 360 Mortgage realize that focusing on customer satisfaction will yield measurable improvements in call center efficiency. With a comprehensive focus on this important self-service channel, borrowers are better served and customer service representatives are freed up to focus on more complex borrower inquiries."

**About TeleVoice**

Established in 1986, TeleVoice delivers customized telephony solutions, including Interactive Voice Response (IVR) and Computer Telephony Integration (CTI) to the financial services industry. Based in Houston, Texas, TeleVoice has been the call center solutions partner of industry leader Black Knight Financial Services, formerly LPS, since 1987. The company

currently serves some of the largest financial institutions including SunTrust, BB&T, OneWest, EverBank and Capital One, helping them to more efficiently and cost-effectively manage their customer service communication channels while maintaining full compliance with key industry regulations like SPoC.

**About 360 Mortgage Group**

360 Mortgage Group is a privately owned mortgage bank, founded in 2007. A direct Fannie Mae and Freddie Mac seller/servicer, and Ginnie Mae issuer, the company is able to offer the full suite of industry available products relevant in the wholesale, correspondent, retail and co-issue sectors. 360 Mortgage remains efficient with their technology through one-touch automated processes, status notifications and loan tracking. For more information, please visit https://www.360mtg.com/default.aspx.

## Contacts

For TeleVoice
Charlyne H. McWilliams, 301-933-5567
charlyne@williammills.com

# EXHIBIT 3

EXHIBIT
RFP #8

| Start | Duration | Dir | Recorded | Outside Na | Outside Number | Extension | Account |
|---|---|---|---|---|---|---|---|
| 10/10/2016 16:07 | 0:00:23 | Out | Yes | | | 6934 | |
| 10/14/2016 10:18 | 0:03:09 | Out | Yes | | | 6950 | |
| 10/20/2016 13:29 | 0:02:38 | Out | Yes | | | 6924 | |
| 11/19/2016 11:54 | 0:01:24 | Out | Yes | | | 6938 | |
| 12/8/2016 14:46 | 0:00:50 | Out | Yes | | | 6961 | |
| 12/15/2016 11:45 | 0:00:32 | Out | Yes | | | 6934 | |
| 12/20/2016 18:26 | 0:00:31 | Out | Yes | | | 6942 | |
| 12/23/2016 11:41 | 0:00:36 | Out | Yes | | | 6961 | |
| 1/10/2017 10:28 | 0:01:02 | Out | Yes | | | 6924 | |
| 1/16/2017 14:55 | 0:00:58 | Out | Yes | | | 6924 | |
| 1/17/2017 18:53 | 0:00:33 | Out | Yes | | | 6942 | |
| 1/17/2017 18:54 | 0:00:21 | Out | Yes | | | 6942 | |
| 1/20/2017 17:40 | 0:00:33 | Out | Yes | | | 6942 | |
| 1/27/2017 17:14 | 0:00:33 | Out | Yes | | | 6942 | |
| 2/14/2017 10:56 | 0:00:42 | Out | Yes | | | 6950 | |
| 2/16/2017 15:52 | 0:00:29 | Out | Yes | | | 6969 | |
| 2/20/2017 14:21 | 0:00:35 | Out | Yes | | | 6935 | |
| 2/23/2017 9:09 | 0:00:29 | Out | Yes | | | 6969 | |
| 3/8/2017 16:27 | 0:00:29 | Out | Yes | | | 6935 | |
| 3/14/2017 9:45 | 0:01:03 | Out | Yes | | | 6950 | |
| 3/18/2017 10:55 | 0:00:38 | Out | Yes | | | 6924 | |
| 3/22/2017 16:00 | 0:00:27 | Out | Yes | | | 6934 | |
| 3/24/2017 17:47 | 0:00:34 | Out | Yes | | | 6938 | |
| 3/29/2017 12:33 | 0:00:36 | Out | Yes | | | 6939 | |
| 3/31/2017 12:05 | 0:00:42 | Out | Yes | | | 6950 | |
| 4/3/2017 14:25 | 0:00:44 | Out | Yes | | | 6950 | |
| 4/7/2017 11:24 | 0:00:31 | Out | Yes | | | 6961 | |
| 4/11/2017 17:10 | 0:00:17 | Out | Yes | | | 6961 | |
| 4/14/2017 9:36 | 0:00:15 | Out | Yes | | | 6961 | |
| 4/18/2017 9:21 | 0:00:36 | Out | Yes | | | 6972 | |
| 4/21/2017 10:37 | 0:00:17 | Out | Yes | | | 6934 | |
| 4/24/2017 13:24 | 0:00:17 | Out | Yes | | | 6934 | |
| 4/26/2017 12:00 | 0:00:17 | Out | Yes | | | 6934 | |
| 4/27/2017 13:57 | 0:00:16 | Out | Yes | | | 6961 | |
| 4/28/2017 15:30 | 0:00:17 | Out | Yes | | | 6924 | |
| 5/2/2017 10:57 | 0:00:17 | Out | Yes | | | 6961 | |
| 5/5/2017 15:15 | 0:00:17 | Out | Yes | | | 6961 | |
| 5/9/2017 13:59 | 0:00:17 | Out | Yes | | | 6934 | |
| 5/12/2017 11:25 | 0:00:36 | Out | Yes | | | 6961 | |
| 5/17/2017 14:57 | 0:00:17 | Out | Yes | | | 6961 | |
| 5/22/2017 12:36 | 0:00:50 | Out | Yes | | | 6961 | |
| 5/24/2017 11:57 | 0:00:17 | Out | Yes | | | 6934 | |
| 5/26/2017 11:25 | 0:00:49 | Out | Yes | | | 6934 | |
| 5/31/2017 11:15 | 0:00:13 | Out | Yes | | | 6947 | |
| 6/1/2017 11:42 | 0:00:17 | Out | Yes | | | 6961 | |
| 6/2/2017 12:03 | 0:00:49 | Out | Yes | | | 6934 | |

| | | | | |
|---|---|---|---|---|
| 6/5/2017 10:22 | 0:00:17 Out | Yes | [redacted] | 6961 |
| 6/8/2017 10:29 | 0:00:30 Out | Yes | [redacted] | 6961 |
| 6/13/2017 11:10 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 6/16/2017 10:03 | 0:00:32 Out | Yes | [redacted] | 6961 |
| 6/20/2017 11:59 | 0:00:38 Out | Yes | [redacted] | 6961 |
| 6/23/2017 10:46 | 0:00:02 Out | Yes | [redacted] | 6961 |
| 6/26/2017 12:01 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 6/28/2017 10:29 | 0:00:34 Out | Yes | [redacted] | 6934 |
| 6/29/2017 12:07 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 6/30/2017 17:02 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 7/3/2017 12:10 | 0:00:38 Out | Yes | [redacted] | 6934 |
| 7/7/2017 9:41 | 0:00:06 Out | Yes | [redacted] | 6934 |
| 7/11/2017 11:08 | 0:00:26 Out | Yes | [redacted] | 6934 |
| 7/14/2017 11:23 | 0:00:03 Out | Yes | [redacted] | 6961 |
| 7/19/2017 9:42 | 0:00:15 Out | Yes | [redacted] | 6961 |
| 7/22/2017 9:19 | 0:00:39 Out | Yes | [redacted] | 6934 |
| 7/26/2017 11:40 | 0:00:16 Out | Yes | [redacted] | 6934 |
| 7/28/2017 10:38 | 0:03:11 Out | Yes | [redacted] | 6934 |
| 8/1/2017 10:50 | 0:00:36 Out | Yes | [redacted] | 6961 |
| 8/4/2017 10:58 | 0:02:50 Out | Yes | [redacted] | 6961 |
| 8/11/2017 12:39 | 0:03:10 Out | Yes | [redacted] | 6961 |
| 8/18/2017 17:49 | 0:03:46 Out | Yes | [redacted] | 6961 |
| 8/24/2017 9:03 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 8/28/2017 18:28 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 9/1/2017 11:09 | 0:01:54 Out | Yes | [redacted] | 6934 |
| 9/22/2017 10:36 | 0:00:01 Out | Yes | [redacted] | 6934 |
| 9/26/2017 9:14 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 9/30/2017 11:59 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 10/2/2017 15:00 | 0:00:02 Out | Yes | [redacted] | 6964 |
| 10/10/2017 12:01 | 0:00:01 Out | Yes | [redacted] | 6950 |
| 10/25/2017 12:02 | 0:00:01 Out | Yes | [redacted] | 6961 |
| 10/31/2017 10:24 | 0:00:01 Out | Yes | [redacted] | 6934 |

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:17-CV-61055-BLOOM-VALLE**

JAMES W SCOTT

Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

Defendant /

**PLAINTIFF's AFFIDAVIT IN SUPPORT OF THE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**AFFIDAVIT**

NOW COMES the Affiant, JAMES W SCOTT of Broward County, Florida who is over the age of 21 years, competent to testify, and declares as follows under penalty of perjury regarding Case No. 17-CV-61055 JAMES W SCOTT v. 360 MORTGAGE GROUP, LLC:

1. That Affiant/Plaintiff has personal, first-hand knowledge as to the facts of this case.
2. That Affiant/Plaintiff never gave 360 Mortgage Group, LLC express consent to call James W Scott's cell phone.
3. That Affiant/Plaintiff revoked any implied consent through a Qualified Written Request on April 29, 2017.
4. That Affiant/Plaintiff personally received the calls between May 12, 2017 and August 28, 2017. James W Scott wrote down each and every call on a note pad with references to the exact dates and times and what was discussed in the conversations when the calls

were answered.

5. That Affiant/Plaintiff's cell phone number is 954-540-0408 and the number that 360 Mortgage Group, LLC used was 512-660-6192.
6. That Affiant/Plaintiff states that all the details relating to the factual allegations in the Amended Complaint, including the hand written notes of the phone calls are all true and based on James W Scott's personal, first-hand knowledge.
7. That Affiant/Plaintiff can attest to the fact that during some of these calls, James W Scott spoke with an agent named Brian and revoked consent for the calls to continue.
8. That Affiant/Plaintiff can attest to the fact that these calls continued beyond August 28, 2017.
9. That Affiant/Plaintiff spoke with an agent of 360 Mortgage Group, LLC on December 14, 2017. This agents name was Caleb and he basically described to James W Scott how the phone system they utilize is the latest technology, possessing capabilities to stay ahead of the competition. He was unaware as to any revoked consent that Affiant gave the other agent. He also described a similar procedure for how he clicks on a phone number to call and then launches the call. He never mentioned to James W Scott that he manually enters each of the 10 digits of a customer's phone number before the call is placed.

NOTARY'S VERIFICATION

STATE OF FLORIDA §
§
COUNTY OF BROWARD §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct. I hereby further affirm that the basis of these beliefs is my own direct knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Davie, Florida
January 22, 2018

James W Scott

Name of Notary RACHEL VICTOR

Signature of Notary Rachel Victor

seal

1.22.18

Notary Public State of Florida
Rachel A Victor
My Commission FF 174302
Expires 11/05/2018