UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61055-BB

JAMES W. SCOTT,

    Plaintiff,
v.

360 MORTGAGE GROUP, LLC,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant 360 Mortgage Group, LLC's Motion for Summary as to Count III of Plaintiff's Amended Complaint (the "Motion"). *See* ECF No. [50]. After reviewing Defendant's six-page Motion, the Court finds that the Motion fails to comply with the Court's Local Rules or otherwise provide the Court with enough evidentiary or legal support to determine that no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law.[1]  The Motion is denied.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. Pro. 56(a).  The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the

---

[1] Plaintiff filed a response to the Motion. *See* ECF No. [57]. Defendant did not file a reply.

non-moving party." *Miccosukee Tribe of Indians v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247–48).  The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  A movant must present evidence demonstrating that it can establish the basic elements of his claim.  *Celotex*, 477 U.S. at 322.

Pursuant to this Court's Local Rules, "A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively." S.D. Fla. L.R. 56.1(a).  The statement of fact "shall . . . [b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id*.

In the Motion, Defendant seeks to dismiss Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").[2]  Defendant, however, has failed to file a statement of facts in accordance with the Court's Local Rules.  Indeed, the only piece of evidence in support of its argument was an affidavit—yet the affidavit was not made under penalty of perjury, nor was it "supported by specific references to the pleadings, depositions, answers to interrogatories, [or] admissions . . . on file with the Court." S.D. Fla. L.R. 56.1(a).

In discussing a similar local rule adopted by the Northern District of Georgia, the Eleventh Circuit Court of Appeals explained, "[L]ocal rules generally reflect the courts'

---

[2] To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party.  *See Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (*quoting Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989) (omitting internal quotation marks)).  Local Rule 56.1 in particular "streamlines the resolution of summary judgment motions by 'focus[ing] the district court's attention on what is, and what is not, genuinely controverted.'"  *See Id*. at 1268 (*quoting Mariani-Colon v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007)).  Indeed, the rule "protects judicial resources by 'mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge.'"  *See Id*. (*quoting Alsina-Ortiz v. Laboy*, 400 F. 3d 77, 80 (1st Cir. 2005).

Defendant has not filed a statement of facts compliant with the Court's Local Rules; nor has it presented evidence sufficient to establish the absence of any questions of fact as to whether Defendant called Plaintiff without his prior express consent using an automatic dialing system or an artificial or prerecorded voice.  "Consequently, it is not possible for the Court to discern which of [Plaintiff's] facts are disputed or admitted."  *Levin v. Nationwide Home Loans, Inc.*, No. 13–60306–CIV, 2014 WL 11531634, at *1 (S.D. Fla. Mar. 14, 2014).  Defendant has not met its burden as the moving party to demonstrate the absence of a genuine issue of material fact.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary as to Count III of Plaintiff's Amended Complaint, **ECF No. [50]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of April, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

CC:

Counsel of Record

James W. Scott
Pro Se
3457 Deercreek Palladian Circle
Deerfield Beach, FL 33442
(954) 540-0408
Email: jwsscott777@gmail.com