UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-61055-BLOOM-VALLE

JAMES W SCOTT

    Plaintiff,

vs.

360 MORTGAGE GROUP, LLC

    Defendant                  /


## JOINT PRETRIAL STIPULATION

Plaintiff James W. Scott and Defendant 360 Mortgage Group, LLC ("360") respectfully submit this Joint Pretrial Stipulation pursuant to Local Rule 16.1, S.D. FL, and this Court's Scheduling Order (D.E. 60). The parties state as follows:

**A joint consise, neutral statement of the case by each party (Local Rule 16.1(e)(1)**

The following statements of the case were prepared separately by each party.

**A. Plaintiff's Summary of the Case**

Plaintiff filed this case after many attempts as an "unsophisticated consumer" to find out who 360 was in relationship to his original refinance loan from Sovereign Lending Group. After the refinance on or about June 20, 2016, Plaintiff was approached by a neighbor who informed him that he was filing a lawsuit against him in regards to a title mishap. The title company of the original lender, First American Title Company, accidently placed Plaintiff's name on the neighbor's title and the neighbor's name on the Plaintiff's title. After not knowing exactly what to do, Plaintiff began to question all matters relating to the mortgage loan. The title company resolved the matter and settled with the Plaintiff's neighbor. Plaintiff had questions for the original lender and their title

company but never received any correspondence. On August of 2016, Plaintiff received a letter from 360 indicating that they were the new servicer of the loan. Plaintiff checked the public records to see if there was a proper assignment recorded from Sovereign Lending Group to 360 Mortgage Group, LLC. No assignments were found that indicated 360 was assigned the mortgage and neither was their an indication on the welcome letter they sent as to where any supposed assignment was recorded. After a few months of dedicated research, Plaintiff decided to correspond with 360 through a qualified written request instead of through the telephone because that was the only accepted way to ask for information pertaining to the statement amounts. This request was made on April 29, 2017. Plaintiff still could find no assignment in public records that indicated who 360 was in relationship to the Plaintiff's mortgage loan. Also at this time, Plaintiff had revoked any implied consent to be called on his cellphone.

      Plaintiff discovered from his three credit reports, which he had pulled from Annualcreditreport.com, that 360 was reporting and furnishing information on his three reports without a valid assignment recorded in public records. On May 7, 2017, Plaintiff sent Trans Union, Equifax and Experian dispute letters in regards to this. Plaintiff received an answer from 360 on May 10, 2017 pertaining to the qualified written request. 360 stated in this letter that they were the holder of the note and owner of the loan. There still was no recorded assignment in public records to reflect this.

      On May 12, 2017, 360 made the first of 23 calls to Plaintiff's cellphone without prior consent up to and including August 28, 2017. On several occasions, Plaintiff answered and spoke with 360's agents who were completely unaware of the revoked consent that Plaintiff had previously done. The agents also indicated that they were debt collectors attempting to collect a debt. Plaintiff verbally revoked consent again after the agents informed him that they would continue to call regardless.

      Plaintiff filed the original complaint on May 26, 2017 followed by the amended complaint filed on September 25, 2017. During the month of June 2017, Plaintiff received updated copies of his credit reports which did not indicate that Plaintiff disputed

360's furnished information. On July 30, 2017, Plaintiff again disputed with the consumer reporting agencies in regards to 360 furnishing information without a valid assignment in public records. By the middle of August through September, Plaintiff received updated reports which once again, failed to indicate that Plaintiff disputed the furnished information.

Plaintiff has filed this lawsuit to hold 360 accountable for their violations of the Truth in Lending Act, the Fair Credit Reporting Act and the Telephone Consumer Protection Act.

### B. Defendant's summary of the case

```
In further response to Plaintiff's Amended Complaint,
subject to discovery, based on information and belief, and
without assuming the burden of proof on any issue for which
Plaintiff bears the burden of proof, 360 asserts the
following affirmative defenses:
The Amended Complaint fails to state a claim upon which
relief can be granted against 360 the TCPA to the extent
that, among other things: Plaintiff consented to receive
calls; the calls were note made with an automatic telephone
dialing system; and the calls fit within an exception to
the TCPA.
Plaintiff has suffered no injury and does not have standing
to assert a TCPA claim against 360. Plaintiff's TCPA claim
is barred to the extent that Plaintiff provided prior
express consent to receive the alleged calls.
Plaintiff's TCPA claims are barred to the extent that
```

Plaintiff is not the "called party" within the meaning of the TCPA and 360 had the express consent of the "called party".

Plaintiff's TCPA claims are barred to the extent that the calls fit within an exception to the TCPA, including calls initiated for emergency purposes under 47 U.S.C. §227(b)(1)(A).

Plaintiff's TCPA claims are barred to the extent that 360 had a good-faith basis to believe that it had consent to contact Plaintiff.

Plaintiff's TCPA claims are barred to the extent that the calls at issue were not placed using any "automatic telephone dialing system."

Any damage, loss, or liability sustain by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than 360, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence and/or comparative fault.

Plaintiff's TCPA claims are barred because they lack statutory standing as the "called party" under the TCPA. 47 U.S.C. §227(b)(1)(A)(iii). 360 is not liable to Plaintiff because 360 acted reasonably and with due care and

substantially complied with all applicable statutes, regulations, ordinances and/or other laws.

If Plaintiff recovers any damages, such awards must be reduced by all damages attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

Any actions taken by 360, which allegedly were made in violation of the law, were neither knowing nor willful.

To the extent Plaintiff's Claims or the issues raised by Plaintiff's claims have been previously litigated, Plaintiff's claims are barred, in whole or in part, from any recovery under the doctrines of Res Judicata and/or collateral estoppel.

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, laches, estoppel and unclean hands. 360 reserves the right to raise additional defenses to which it may be entitled or which may be developed in the course of discover

C.  **Neutral Summary of Claims and Defenses**

Plaintiff James W. Scott sued Defendant 360 Mortgage Group, LLC for the following three claims:

**Count II   TILA**

In Count II, the Plaintiff claims that the Defendant violated a Federal law known as the Truth in Lending Act or the "TILA" Act, and the Plaintiff seeks an award of damages as compensation for that alleged violation. Defendant 360 denies that it violated the TILA Act and denies that the Plaintiff is entitled to damages.

**Count III   TCPA**

In Count III, the Plaintiff claims that the Defendant violated a Federal law known as the Telephone Consumer Protection Act or the "TCPA" Act, and the Plaintiff seeks an award of damages as compensation for the alleged violations. Defendant 360 denies that it violated the TCPA Act and denies that the Plaintiff is entitled to damages.

**Count IV   FCRA**

In Count IV, the Plaintiff claims that the Defendant violated a Federal law known as the Fair Credit Reporting Act or "FCRA" Act, and the Plaintiff seeks an award of damages as compensation for the alleged violations. Defendant 360 denies that it violated the FCRA Act and denies that the Plaintiff is entitled to damages.

**Affirmative Defenses**

Defendant 360 has stated a number of defenses that oppose the Plaintiff's claims for relief.

**II. Basis of Federal jurisdiction**

The parties agree that this Court has subject matter jurisdiction over the TILA, TCPA and FCRA claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; 15 U.S.C. § 1641; and 47 U.S.C. § 227(b)(3). The parties agree that this Court has personal jurisdiction over the parties.

**III. The Pleadings (L. R. 16.1(e)(3))**

A. Amended Complaint - [D.E. 32, filed September 25, 2017]

1. Count II – TILA no assignment location; 15 U.S.C. §1641-[D.E. 32, p. 62]

2. Count III – TCPA calls to cell with no consent; 47 U.S.C. § 227 et. seq [D.E. 32, p. 67]

3. Count IV – FCRA failing to report a dispute; 15 U.S.C. § 1681s-2(b)

B. Answer and Affirmative Defenses [D.E. 49 filed January 8, 2018]

1. First Affirmative Defense – Failure to State A claim

2. Second Affirmative Defense – Article III standing

3. Third Affirmative Defense – Consent of Plaintiff

4. Fourth Affirmative Defense – Consent of called party

5. Fifth Affirmative Defense – Emergency purposes

6. Sixth Affirmative Defense – Good Faith

7. Seventh Affirmative Defense – No Liability

8. Eigth Affirmative Defense – Proportional allocation

9. Ninth Affirmative Defense – Statutory Standing

10. Tenth Affirmative Defense – Substantial compliance

11. Eleventh Affirmative Defense – Failure to mitigate damages

12. Twelve Affirmative Defense – No willful action

13. Thirteenth Affirmative Defense – Res judicata

14. Fourteenth Affirmative Defense – Waiver

15. Fifteenth Affirmative Defense – Preemption

16. Sixteenth Affirmative Defense – comply

17. Seventeenth Affirmative Defense – Requsite knowledge

18. Eighteenth Affirmative Defense – no damages

19. Nineteenth Affirmative Defense – statute of limitations

## IV. Issues of fact which remain to be litigated at trial

1. Whether the phone calls made to Plaintiff by Defendant was willful after Plaintiff revoked consent.

2. Whether the act of not reporting to the CRA's that Plaintiff disputed their right to report on his credit reports were willful or negligent.

3. The damages entitled to Plaintiff as a result of Defendant's failure to indicate where the assignment of his mortgage was recorded as per TILA.

## VI. Estimated Trial Time

The parties estimate that the trial in this matter will require two to three days to complete.

VII. **Witness List**

The Plaintiff does not have any witnesses in this case.

VIII. **Exhibit List**

The Plaintiff respectfully submits the Exhibit list as Exhibit A hereto.

Dated: May 2, 2018

Respectfully Submitted,

By:   */s/Joshua D. Knight*
      Joshua D. Knight, Esquire
      Florida Bar No. 38546
      James E. Albertelli, P.A.
      5404 Cypress Center Drive, 3rd Floor
      Tampa, Florida  33609
      Telephone:  (813) 221-4743, Extension 2463
      Email:  jknight@alaw.net
      Attorneys for Defendant


/s/   James W. Scott
James W. Scott
3457 Deercreek Palladian Circle
Deerfield Beach, Fl 33442
954-540-0408 / Cell
Jwsscott777@gmail.com
*Pro Se Plaintiff*

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), undersigned Plaintiff and Defendant have conferred and file our joint pre-trial stipulation.

Dated: May 2, 2018

> By: */s/Joshua D. Knight*
> Joshua D. Knight, Esquire
>
> /s/   James W Scott
> James W. Scott

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2018, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being sent via certified mail to Defendant.

> By: */s/Joshua D. Knight*
> Joshua D. Knight, Esquire
>
> /s/   James W. Scott
> James W. Scott

## SERVICE LIST

Rafael J. Solernou, Jr., Esquire
Florida Bar No. 86579
James E. Albertelli, P.A.
P.O. Box 23028
Tampa, Florida 33623
813-221-4743 Telephone
813-221-9171 Fax
Eservice: servealaw@albertellilaw.com
Eservice: rsolernou@albertellilaw.com

Attorneys for Defendant
360 Mortgage Group, LLC