IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 0:17-cv-61055-BB

JAMES W. SCOTT

      Plaintiff,

vs.                                          CASE No. 0:17-cv-61055-BB

360 MORTGAGE GROUP, LLC,

      Defendant.

_____/

---

## PROPOSED JURY INSTRUCTIONS
---

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS**

**1.1 General Preliminary Instruction**

**1.2 Burden of Proof - Clear and Convincing Evidence**

**1.5 Interim Statements**

**TRIAL INSTRUCTIONS**

**2.1 Stipulations**

**2.4 Interim Statements**

**2.6 Use of Interrogatories**

**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2.2 Duty to Follow Instructions - Corporate Party Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.7.2 Responsibility for Proof - Affirmative Defense Preponderance of the Evidence**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

The evidence presented to you during the trial will primarily consist of tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.** On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, James W. Scott claims the Defendant, 360 Mortgage

Group, LLC, violated the TCPA by calling him 23 times without his consent, on his cellphone with an automated telephone dialing system; TILA by not indicating the location of where his assignment of mortgage was/is recorded; FCRA by not reporting to the consumer reporting agencies that James W. Scott's account was in dispute after he disputed their right to furnish information without an assignment in public records. 360 Mortgage Group, LLC denies those claims and contends that James W. Scott has not stated valid claims pertaining to the TCPA, TILA and FCRA. Their 20 affirmative defenses are as follows: (1) Failure to state a claim, (2) Article III standing, (3) Consent of plaintiff, (4) Consent of called party, (5) Emergency purposes, (6) Good faith, (7) No liability, (8) Proportional allocation of fault, (9) Statutory standing, (10) Substantial compliance with laws, (11) Failure to mitigate damages, (12) No knowing or willful action, (13) Res Judicata/Collateral Estoppel, (14) Waiver, latches, estoppel, unclean hands, (15) Preemption, (16) Plaintiff's failure to comply, (17) Requisite knowledge, (18) No damages, (19) Statute of limitations, and (20) Compliance.

Burden of proof:

James W. Scott has the burden of proving his case by what the law calls a "preponderance of the evidence." That means James W. Scott must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring James W. Scott and the evidence favoring 360 Mortgage

Group, LLC on opposite sides of balancing scales, James W. Scott needs to make the scales tip to his side. If James W. Scott fails to meet this burden, you must find in favor of 360 Mortgage Group, LLC.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," 360 Mortgage Group, LLC has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts 360 Mortgage Group, LLC must prove for any affirmative defense. After considering all the evidence, if you decide that 360 Mortgage Group, LLC has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, James W. Scott will present his witnesses and ask them questions. After James W. Scott questions the witness, 360 Mortgage Group, LLC may ask the witness questions – this is called "cross-examining" the witness. Then 360 Mortgage Group, LLC will present its witnesses, and James W. Scott may cross-examine them.

You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.[1]

Given  _____
Given as Modified  _____
Denied  _____
Withdrawn  _____

---

[1] Source: Eleventh Circuit Civil Pattern Jury Instructions (2018 ed.) (hereinafter "Eleventh Circuit Pattern Instructions"), 1.1

## Jury Instruction 1.

### Burden of Proof – Clear and Convincing Evidence

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.[2]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[2] Source: Eleventh Circuit Pattern Instructions, 1.2

**<u>Jury Instruction No. 2</u>**

**<u>Introduction</u>**

Members of the Jury:

It's my duty to instruct   you on the rules of law that you must use in deciding this case.

When I have finished, you will go into the jury room and begin your discussions, sometimes

called deliberations.[3]

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

---

[3] Source: Eleventh Circuit Pattern Instructions. 3.1

**<u>Jury Instruction No. 3</u>**

 **<u>Interim Statements</u>**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.[4]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[4] Source: Eleventh Circuit Pattern Instructions. 1.5

**Jury Instruction No. 4**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement

is called a stipulation. You must treat these facts as proved for this case.[5]


Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[5] Source: Eleventh Circuit Pattern Instructions, 2.1

## **Jury Instructions No. 5**

### **Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Knight is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is Mr. Knight's view of the evidence or of what he anticipates the evidence will be, but isn't itself evidence.[6]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[6] Source: Eleventh Circuit Pattern Instructions, 2.4

**Jury Instructions No. 6**

**Use of Interrogatories**

You'll now hear answers that Jack Carroll gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Jack Carroll gave the answers in writing while under oath.

You must consider Jack Carroll's answers to as though Jack Carroll gave the answers on the witness stand.[7]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[7] Source: Eleventh Circuit Pattern Instructions, 2.6

**Jury Instruction No. 7**

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.[8]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[8] Source: Eleventh Circuit Pattern Instructions, 3.2.2

**<u>Jury Instruction No. 8</u>**

**<u>Consideration of Direct and Circumstantial Evidence;</u>**
**<u>Argument of Counsel; Comments by the Court</u>**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.[9]

---

[9] Source: Eleventh Circuit Pattern Instructions, 3.3

**Jury Instruction No. 9**

**Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,
Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff, James W. Scott to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that James W. Scott's claim is more likely true than not true.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of James W. Scott's claim[s] by a preponderance of the evidence, you should find for 360 Mortgage Group, LLC as to that claim.[10]

Given _____
Given as Modified _____
Denied _____
Withdrawn

_____

[10] Source: Eleventh Circuit Pattern Instructions, 3.7.1

## Jury Instruction No. 10

## Responsibility for Proof – Affirmative Defense

## Preponderance of the Evidence

In this case, the 360 Mortgage Group, LLC asserts the affirmative defense of Failure to State a Claim. Even if the James W. Scott proves his claim[s] by a preponderance of the evidence, the 360 Mortgage Group, LLC can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

I caution you that 360 Mortgage Group, LLC does not have to disprove James W. Scott's claim[s], but if 360 Mortgage Group, LLC raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.[11]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[11] Source: Eleventh Circuit Pattern Instructions, 3.7.2

**Jury Instruction No. 11**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.[12]

Given _____
Given as Modified _____
Denied _____
Withdrawn _____

---

[12] Source: Eleventh Circuit Pattern Instructions, 3.8.1

**Jury Instruction No. 12**

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information

should remain in the jury room and not be shared with anyone, including me, in your

note or question.[13]

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

---

[13] Source: Eleventh Circuit Pattern Instructions, 3.9

**Jury Instruction No. 13**

**The TCPA (TELEPHONE CONSUMER PROTECTION ACT)**

The TCPA provides a private right of action for consumers. On this, it provides: A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3). Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3).

Given _____
Given as Modified _____
Denied _____
Withdrawn_____

Sengenberger v. Credit Control Services, Inc., No. 09 C 2796, 2010 U.S. Dist. LEXIS 43874, 2010 WL 1791270, at *16 (N.D. Ill. May 5, 2010). TCPA 47 U.S.C. § 227 et seq.

**<u>Jury Instruction No. 14</u>**

**<u>THE TRUTH IN LENDING ACT (TILA)</u>**

A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) ln general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned

to a third party, the creditor that is the new owner or assignee of the debt shall

notify the borrower in writing of such transfer, including-----

(A)    the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

Given_____
Given as Modified_____
Denied_____
Withdrawn

"TILA does not impose liability on servicers, but on 'creditor[s] who fail[ ] to comply with any requirement imposed under . . . section 1635 of this title [and] subsection (f) or (g) of section 1641.'" Benjamin v. CitiMortgage, Inc., No. 12–62991–CIV, 2013 WL 1891284, at *2 (S.D. Fla. May 6, 2013) (quoting 15 U.S.C. § 1640(a)) (alterations in original); see also Khan v. The Bank of New York Mellon, No. 12–60128–CIV, 2012 WL 1003509, at *3 (S.D. Fla. Mar. 19, 2012).

**Jury Instruction No. 15**

**The FCRA (FAIR CREDIT REPORTING ACT)**


FCRA imposes certain duties upon furnishers of credit information. First, in order to trigger a duty to act, a furnisher must "receive notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information" it provided to "a consumer reporting agency." 15 U.S.C. § 1681s–2(b)(1).

After receiving such notice, the furnisher is required to "conduct an investigation with respect to the disputed information," and "review all relevant information provided" to it by the CRA. 15 U.S.C. § 1681s–2(b)(1).

The furnisher  is obligated to note a dispute to the CRAS as part of the report of the results of its section §1681s-2(b)(1) investigation.


Given _____
Given as Modified _____
Denied_____
Withdrawn


 see Wang v. Asset Acceptance LLC., 2010 W L 2985503 (N.D. Cal. July 27, 2010).

See Rambarran, 609 F. Supp. 2d at 1257 (citing 15 U.S.C. § 1681s–2(b)(1)(C)).

FCRA 15 U.S.C. §1681.

By:  */s/Joshua D. Knight*
    Joshua D. Knight, Esquire
    Florida Bar No. 38546
    James E. Albertelli, P.A.
    5404 Cypress Center Drive, 3rd Floor
    Tampa, Florida  33609
    Telephone:  (813) 221-4743, Extension 2463
    Email:  jknight@alaw.net
    Attorneys for Defendant


/s/   James W. Scott
James W. Scott
 3457 Deercreek Palladian Circle
Deerfield Beach, Fl 33442
954-540-0408 / Cell
Jwsscott777@gmail.com
*Pro Se Plaintiff*


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all counsel of record, and *via* U.S. Mail to James Scott, 3457 Deercreek Palladian Circle, Deerfield Beach, Florida, 33442, *Pro Se Plaintiff*.

*/s/Joshua D. Knight*