# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | |
|---|---|
| JAMES W. SCOTT, ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 0:18-cv-60240-JEM |
| ALBERTELLI LAW PARTNERS, LLC, ) et al. | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S JURY INSTRUCTIONS AS TO AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE – Failure to State a Claim

The Amended Complaint fails to state a claim upon which relief can be granted against 360 the TCPA to the extent that, among other things: Plaintiff consented to receive calls; the calls were note made with an automatic telephone dialing system; and the calls fit within an exception to the TCPA.

*Even if all the factual allegations in the Complaint are true, they are insufficient to establish a cause of action.*

SECOND AFFIRMATIVE DEFENSE – Article III Standing

Plaintiff has suffered no injury and does not have standing to assert a TCPA claim against 360.

*The Plaintiff must show that he has suffered "injury in fact."*

THIRD AFFIRMATIVE DEFENSE – Consent of Plaintiff

Plaintiff's TCPA claim is barred to the extent that Plaintiff provided prior express consent to receive the alleged calls.

*If the Plaintiff consented to the Defendant's actions, as long as that person is mentally capable and did not consent due to misrepresentation of the facts, no tort is committed.*

FOURTH AFFIRMATIVE DEFENSE – Consent of Called Party

Plaintiff's TCPA claims are barred to the extent that Plaintiff is not the "called party" within the meaning of the TCPA and 360 had the express consent of the "called party".

*The "called party" refers to the subscriber of a cellular telephone number, and the "called party" in this case gave express permission to 360 mortgage to contact him via telephone.*

FIFTH AFFIRMATIVE DEFENSE – Emergency Purposes

Plaintiff's TCPA claims are barred to the extent that the calls fit within an exception to the TCPA, including calls initiated for emergency purposes under 47 U.S.C. §227(b)(1)(A).

*The telephone calls were purely informational and the Plaintiff provided the necessary consent when he provided his telephone number.*

SIXTH AFFIRMATIVE DEFENSE – Good Faith

Plaintiff's TCPA claims are barred to the extent that 360 had a good-faith basis to believe that it had consent to contact Plaintiff.

*The Plaintiff had provided his telephone number to 360 mortgage which is deemed as having given prior express consent to be contacted by 360 for them to contact him for any relevant issues with his mortgage, prior to the foreclosure action.*

SEVENTH AFFIRMATIVE DEFENSE – No Liability

Plaintiff's TCPA claims are barred to the extent that the calls at issue were not placed using any "automatic telephone dialing system."

*The term "automatic telephone dialing system" means equipment which has the*

*capacity to (a) store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers.*

*360 does not have any such equipment and therefore was unable to make such telephone calls.*

EIGHTH AFFIRMATIVE DEFENSE – Proportional Allocation of Fault

Any damage, loss, or liability sustain by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than 360, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence and/or comparative fault.

NINTH AFFIMRATIVE DEFENSE – Statutory Standing

Plaintiff's TCPA claims are barred because they lack statutory standing as the "called party" under the TCPA. 47 U.S.C. §227(b)(1)(A)(iii).

*The Plaintiff must show that he has a dispute that entitles him to bring the controversy before the Court and that some personal legal interest has been invaded by the Defendant.*

TENTH AFFIRMATIVE DEFENSE – Substantial Compliance with Laws

360 is not liable to Plaintiff because 360 acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances and/or other laws.

*The Plaintiff must show that 360 showed total disregard to the applicable statutes, regulations, ordinances or other laws.*

ELEVENTH AFFIRMATIVE DEFENSE – Failure to Mitigate Damages

If Plaintiff recovers any damages, such awards must be reduced by all damages attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and

subsequent to the institution of this action.

*The Defendant has attempted to settle this case through mediation and settlement offers, however, the Plaintiff continued to proceed with the court action and did not enter into settlement negotiations with the Defendant.  Plaintiff has since filed additional court actions in an attempt to stall the foreclosure action.*

TWELFTH AFFIRMATIVE DEFENSE – No Knowing or Willful Action

Any actions taken by 360, which allegedly were made in violation of the law, were neither knowing nor willful.

*The Plaintiff is unable to show that any of the actions complained of in the Complaint were done knowingly or willfully against him.*

THIRTEENTH AFFIRMATIVE DEFENSE – Res Judicata/Collateral Estoppel

To the extent Plaintiff's Claims or the issues raised by Plaintiff's claims have been previously litigated, Plaintiff's claims are barred, in whole or in part, from any recovery under the doctrines of Res Judicata and/or collateral estoppel.

*The Plaintiff has previously tried these issues in the Court and has again filed further actions while this case is in front of this Court.*

FOURTEENTH AFFIRMATIVE DEFENSE – Waiver, laches, Estoppel, Unclean Hands

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, laches, estoppel and unclean hands.

*Plaintiff did not file his Complaint in a timely fashion and has only done so to stall the foreclosure action.  He also defaulted on his loan payments, yet files lawsuits against the mortgage company for its practices.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send electronic notice to all counsel of record, and *via* U.S. Mail to James Scott, 3457 Deercreek Palladian Circle, Deerfield Beach, Florida, 33442, *Pro Se* Plaintiff.

By:    */s/ Joshua D. Knight*
        Joshua D. Knight, Esquire
        Florida Bar No. 38546
        James E. Albertelli, P.A.
        5404 Cypress Center Drive, 3rd Floor
        Tampa, Florida 33609
        Telephone: 813) 221-4743, Extension 2463
        Email: jknight@alaw.net
        Attorneys for Defendant
        File No. 18-007567